IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TERRY BEVILL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF QUITMAN, TEXAS; | § | CIVIL ACTION NO. 4:19-cv-00406 |
| TOM CASTLOO, Wood County Sheriff; | § | |
| DAVID DOBBS, City of Quitman Mayor; | § | |
| JAMES "JIM" WHEELER, Former Wood | § | |
| County District Attorney; | § | |
| JEFFREY FLETCHER, and | § | |
| WOOD COUNTY, TEXAS | § | |
| | § | JURY DEMANDED |
| Defendants. | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**I.**

**PRELIMINARY STATEMENT**

1. After exercising his First Amendment right to speak freely on a matter of public concern Terry Bevill became the target of a vindictive campaign of retaliation and punishment because the subject of his protected speech involved prominent local officials in Wood County.

2. The retaliation began in 2017 when Bevill was serving as Captain of the City of Quitman Police Department in Wood County, Texas. Bevill signed an affidavit in support of a motion to change venue for David McGee, a former colleague who stood accused of criminal conduct while working as a jailer for the Wood County Sheriff's Department. Bevill held a good faith belief it was not possible for McGee to get a fair trial in Wood County. Because McGee's status as a jailer working for the Wood County Sheriff's department generated pretrial publicity locally and drew the ire of the newly elected sheriff (Tom Castloo) who had a close relationship

1

with the district attorney (Jim Wheeler) prosecuting the case and the presiding judge (Jeff Fletcher), Bevill believed it was important he speak up in support of McGee's right for a fair trial and he did so under oath.

3. Unfortunately, officials from Quitman and Wood County made sure Bevill paid a high price for exercising his right to "free" speech.  First, Bevill was fired from the Quitman Police Department leaving him unemployed and without health insurance for his sick wife. Once he was deprived of employment, Judge Fletcher announced in open court he was issuing a warrant for Bevill's arrest for aggravated perjury – a felony – and publicly proclaimed Bevill guilty before Bevill had a chance to defend himself.  With a pending felony charge Bevill was unable to work in law enforcement and struggled to find employment.  To prolong Bevill's suffering, the aggravated perjury charge languished approximately 16 months before it was finally submitted to a grand jury (and only when a new district attorney was appointed to succeed Wheeler).  Ultimately, a grand jury determined there were inadequate grounds to prosecute Bevill and the charge was dismissed.

4. Bevill brings this action against named Defendants pursuant to 42 U.S.C. §1983 which provides redress for the deprivation, under color of state law, of any rights, privileges, or immunities secured by the Constitution and laws of the United States of America. Defendants' wrongful acts and omissions violated Bevill's constitutional rights under the First and Fourteenth Amendments to the United States Constitution.

5. Bevill also asserts a claim for conspiracy to violate his First Amendment rights and deprive him of his rights, privileges and immunities secured by the Constitution and laws of the United States of America.

6. Bevill seeks compensatory damages, punitive damages, and statutory attorneys' fees as authorized by 42 U.S.C. §1988.

## II.

## JURISDICTION

7. Jurisdiction over Bevill's constitutional claims is provided by 42 U.S.C. §1983 and conferred on this Court by 28 U.S.C. §1343(a)(3). Federal question jurisdiction is also conferred on this Court by 28 U.S.C. §1331 because this action arises under the Constitution and laws of the United States.

8. Bevill asserts his claims for conspiracy under this Court's pendent jurisdiction as expanded by 28 U.S.C. §1367, as applicable and if appropriate.

## III.

## PARTIES

9. Plaintiff Terry Bevill is a citizen of the United States and a resident of Wood County, Texas.

10. Defendant City of Quitman, Texas ["City of Quitman"] is a municipality located within the boundaries of the Eastern District of Texas. In accordance with Rule 4(j)(2)(B) of the Federal Rules of Civil Procedure and section 17.024 of the Texas Civil Practices and Remedies Code, the City of Quitman may be served by serving the mayor, Mayor David Dobbs, at 401 E. Good Street, Quitman, Texas 75783 or wherever he may be found.

11. Defendant Sheriff Tom Castloo ["Sheriff Castloo"] is a resident of Wood County, Texas. Sheriff Castloo was at times relevant to this lawsuit the Sheriff and chief policymaker of the Defendant Wood County Sheriff's Department.  Defendant Castloo is sued for acts and/or omissions made both in his official capacity and in his individual capacity as an ordinary

3

citizen. Sheriff Tom Castloo may be served at 101 S. Main Street, Quitman, Texas 75783 or wherever he may be found. Defendant Sheriff Castloo has appeared.

12. Defendant Mayor David Dobbs ["Mayor Dobbs"] is a resident of Wood County, Texas.  Mayor Dobbs was at all times relevant to this lawsuit the Mayor and chief policymaking official of the City of Quitman, Texas. Mayor Dobbs may be served at 401 E. Good Street, Quitman, Texas 75783 or wherever he may be found. Defendant David Dobbs has appeared.

13. Defendant James "Jim" Wheeler ["DA Wheeler"] is a resident of Wood County, Texas. Wheeler was at relevant times to this lawsuit, the District Attorney and chief policymaker in the Wood County District Attorney's Office. Defendant Wheeler is sued for acts and/or omissions made both in his official capacity and in his individual capacity as an ordinary citizen.  Wheeler resigned as Wood County District Attorney following an investigation for the offense of official oppression by the Texas Rangers. Wheeler may be served at 158 PR 7294, Mineola, Texas 75773, or wherever he may be found.

14. Defendant Jeffrey Fletcher ["Judge Fletcher"] is a resident of Wood County Texas.   Judge Fletcher may be served at 100 S. Main Street, Quitman, Texas 75783, or wherever he may be found.   Judge Fletcher is being sued in his individual capacity. Defendant Judge Fletcher has appeared.

15. Defendant Wood County, Texas ["Wood County"] is located within the boundaries of the Eastern District of Texas. In accordance with Rule 4(j)(2)(B) of the Federal Rules of Civil Procedure and Section 17.024 of the Texas Civil Practices and Remedies Code, Wood County may be served by serving the county judge, Judge Lucy Hebron, at 100 S. Main Street, Quitman, Texas 75793, or wherever she may be found. Defendant Wood County has appeared.

## IV.

## FACTUAL BACKGROUND

16. Until the incident(s) made the basis of this lawsuit, Bevill was a career law enforcement officer. Proud of his chosen profession and career, Bevill received awards and honors for his service over the years. At the time of the incident(s) made the basis of this lawsuit, Bevill was employed by the City of Quitman as the Captain of the Quitman Police Department and served as an instructor at the Kilgore Police Academy.

17. Bevill believes that our justice system must operate fairly to be effective. He also believes that the conduct of elected officials when executing the duties of their office along with a criminal defendant's ability to receive a fair and open trial are important issues of public concern.

   ▪ ***Wood County Sheriff Department jailer arrested and set for trial in Wood County.***

18. On or around February 8, 2017, David McGee was arrested and charged with facilitating and/or permitting the escape of an inmate from the Wood County jail and tampering with government records while working for Sheriff Castloo as a Wood County jail administrator.  The arrest attracted pretrial publicity coverage locally.

19. Upon information and belief, the nature and extent of the pretrial publicity surrounding McGee's alleged acts were a public embarrassment to Wood County officials and its newly elected Sheriff Castloo.  Although he was newly elected, Sheriff Castloo had worked as a deputy sheriff with the Wood County Sheriff's Department prior to assuming office.

20. The Wood County Sheriff's Department has a history of policies, practices and customs that encourage a culture of harassment, retaliation, and intimidation.  Upon information and belief, these include but are not limited to:

    a.   In 2013, a jury found Wood County, through actions of the Wood County Sheriff's Department, violated a former employee's procedural due process rights in retaliation for the employee reporting the unlawful conduct of her co-workers.  *See Sellers v. Wood County, Texas*, Civil Action No. 2:12-CV-293- RSP.

    b.   In 2015, the Wood County Sheriff's Office retaliated against the owner of a mineral lease for attempting to gain access to the surface estate, which was owned by (then) Wood County Sheriff James Brown by adopting and enforcing policies and customs to harass, oppress and retaliate against persons who had interests in conflict with the personal interests of the Wood County Sheriff's Department.  *See* Plaintiffs' First Amended Complaint in *Forrester, et al. v. Wood County, Texas, et al.*, Civil Action No. 6:17-CV-561, pending in the United States District Court for the Eastern District of Texas.

    c.   In 2017, Brandie Cunningham was terminated from the Wood County Sheriff's department in retaliation for reporting suspected misconduct by McGee to Sheriff Castloo and others (including Castloo's predecessor). *See* Plaintiff's Original Complaint, *Cunningham v. Wood County and Thomas Castloo*, Civ. Act. No. 6:19-cv-00018, pending in the United States District Court for the Eastern District of Texas.

21. Sometime after McGee's arrest (but before McGee contacted Bevill with concerns about his ability to receive a fair trial in Wood County) Bevill ran into Sheriff Castloo at a gas station. The two men engaged in conversation and Sheriff Castloo expressed to Bevill his anger and frustration with McGee and the crimes McGee was alleged to have committed while working as a jailer for the Wood County Sheriff's Department; he told Bevill he hoped McGee would be convicted and put "under the jail" for a long time.

22. On April 19, 2017 as McGee awaited trial, the *Kilgore News Herald* ran an article about the first 100 days in office for newly-elected District Court Judge Fletcher (who was presiding over McGee's case) and Sheriff Castloo. The article is accompanied by a photo of the two men as they "look over paperwork for upcoming trials in Wood County." In describing his relationship with Sheriff Castloo and DA Wheeler, Judge Fletcher emphasized the importance of everyone staying in line and working in unison toward the same goals "[b]efore we even got started in January, I had several meetings with Jim (Wheeler) and Tommy (Castloo) about getting everybody on the same page as soon as we could.  Obviously, we are all supposed to be pulling in the same direction . . . I am really pleased we are all working in unison."

- ▪ ***Plaintiff Bevill testifies by affidavit in support of a Motion to Change Venue for the accused Wood County jailer.***

23. Thereafter, on or about June 2, 2017, McGee asked Bevill if he would consider signing an affidavit in support of his motion to obtain a fair trial outside of Wood County.

24. Based on his personal knowledge, Bevill sincerely believed McGee would not be able to obtain a fair trial in Wood County.  Bevill was familiar with the heightened pretrial publicity surrounding McGee's case; and, based on his prior conversation with Sheriff Castloo, Bevill knew it was important to Sheriff Castloo that District Attorney Wheeler obtain a conviction against McGee and that McGee be given a long sentence.  As a longtime resident and law enforcement officer in the Wood County area, Bevill was familiar with the local players and political climate, including the relationships between and among the sheriff, district attorney and judge.  Based on his years working in law enforcement, Bevill also believed that McGee's trial had also been expedited in an abnormally unfair manner.

7

25. Bevill then spoke with McGee's lawyer, Scott Cournuaud.   Mr. Cournuaud prepared an affidavit for Bevill to sign which set forth two primary reasons for a venue change: (1) pretrial publicity; and (2) the personal relationships among Sheriff (Castloo), the District Attorney (Wheeler) and the Presiding Judge (Jeff Fletcher).

26. Bevill signed the affidavit as an ordinary citizen. Bevill was never asked to sign, and did not sign, the affidavit in an official capacity as an employee of the City of Quitman Police Department.   Bevill never spoke with anyone in the City of Quitman Police Department about the affidavit prior to signing.

27. The affidavit reads:

**AFFIDAVIT**

STATE OF TEXAS                              §
                                            §
COUNTY OF WOOD                              §

On June 2, 2017, TERRY BEVILL, appeared before me, and after being placed under oath, confirmed the truth of the following statements:

"My name is TERRY BEVILL.  I am currently the Quitman Police Department Captain and the former Jail Administrator for Hopkins County, and a formal investigator with Wood County Sheriff's office.  I am over the age of 18 and competent to make this oath.

"I believe it will not be possible for DAVID MCGEE to get a fair and impartial trial in Wood County, Texas due to the pre-trial publicity involved in this case and the personal relationship between the Sheriff, the District Attorney, and the Presiding Judge in this matter.  I am very familiar with the close relationships between these influential persons, and DAVID MCGEE will be greatly prejudiced by having a trial in Wood County.

"It is not possible for DAVID MCGEE to obtain a fair and impartial trial in Wood County, Texas because there is a dangerous combination against Defendant instigated by influential persons that a fair and impartial trail cannot be obtained.

"This suit should be heard in RAINS County, Texas, where it is possible to obtain a fair and impartial trial.

"The statements contained herein are true to the best of my knowledge, upon my oath."

28. The language in Bevill's affidavit tracks the requirements for a change of venue in a criminal proceeding set forth in Article 31.03 of the Texas Code of Criminal Procedure:

(a) A change of venue may be granted in any felony or misdemeanor case punishable by confinement on the written motion of the defendant, supported by his own affidavit and the affidavit of at least two credible persons, residents of the county where the prosecution is instituted, for either of the following causes, the truth and sufficiency of which the court shall determine:

1. That there exists in the county where the prosecution is commenced so great a prejudice against him that he cannot obtain a fair and impartial trial; and

2. That there is a dangerous combination against him instigated by influential persons, by reason of which he cannot expect a fair trial.

29. McGee's attorney filed the motion to change venue with Bevill's affidavit and affidavits from two other individuals: Mayra McGee and David McGee.    Their affidavits were substantively similar to Bevill's affidavit.

30. Mayra McGee's affidavit stated:

**AFFIDAVIT**

STATE OF TEXAS             §
                          §
COUNTY OF WOOD             §

On June 2, 2017, MAYRA MCGEE, appeared before me, and after being placed under oath, confirmed the truth of the following statements:

"My name is MAYRA MCGEE.  I am over the age of 18 and competent to make this oath.

"I believe it will not be possible for DAVID MCGEE to get a fair and impartial trial in Wood County, Texas due to the pre-trial publicity involved in this case and the personal relationships between the Sheriff, the District Attorney, and the Presiding Judge in this matter.  I am very familiar with the publicity and I have been made aware of the close, personal relationship between the District Attorney, the Sheriff, and the Presiding Judge in this county.

9

"It is not possible for DAVID MCGEE to obtain a fair and impartial trial in WOOD County, Texas because there is a dangerous combination against Defendant instigated by influential persons that a fair and impartial trial cannot be obtained.

"This suit should be heard in RAINS County, Texas, where it is possible to obtain a fair and impartial trial.

"The statements contained herein are true to the best of my knowledge, upon my oath.

31. David McGee's affidavit stated:

**AFFIDAVIT**

| STATE OF TEXAS | § |
| | § |
| COUNTY OF WOOD | § |

On June 2, 2017, DAVID JAYWAYNE MCGEE, appeared before me, and after being placed under oath, confirmed the truth of the following statements:

"My name is DAVID JAYWAYNE MCGEE.  I am over the age of 18 and competent to make this oath.

"It is not possible for me to obtain a fair and impartial trial in WOOD County, Texas because there is a great prejudice against me.  Specifically:

"There have been numerous articles in the local Wood County newspaper and local stations that bring attention to the public regarding the current charges against me.  Due to the publicity in this matter, a jury sitting in trial of this cause will likely have a pre-existing disposition to find me guilty.

"It is not possible for me to obtain a fair and impartial trial in WOOD County, Texas because there is a dangerous combination against Defendant instigated by influential persons that a fair and impartial trial cannot be obtained.  Specifically:

"The presiding judge in this matter and the Sheriff in this County are good friends with well-known personal relationships.  The District Attorney and the Sheriff in this County are good friends with well-known personal relationships.  I was indicted on March 29, 2017 by the Grand Jury.  A Notice of Hearing was filed with the Wood County District Court Clerk on April 3, 2017 indicating that a Pre-trial hearing was set for April 7, 2017 and a Jury Trial hearing was set on April 17, 2017 at 9:00 a.m.  The letter signed by Donna Huston, Court Coordinator, stated 'Please be aware that this

10

case is #1 of the jury trial list.'  I do not believe it is the standard practice of this County to expedite cases in this manner, and the only reason this was set so quickly was because of the personal relationships involved.  Although the case was subsequently reset, the matter has, once again, been set as #1 for trial on June 26, 2017.  I believe that I am being targeted due to the personal relationships of the influential persons that directly impact my getting a fair trial by the presiding judge, the District Attorney, and the Sheriff's office."

"This suit should be heard in HUNT County, Texas, where it is possible to obtain a fair and impartial trial.

"The statements contained herein are true to the best of my knowledge, upon my oath."

- **Conspiracy develops to have Bevill fired from Quitman Police Department in retaliation for his affidavit testimony.**

32. Upon information and belief, shortly after the motion was filed, Sheriff Castloo, DA Wheeler, and Judge Fletcher approached City of Quitman Mayor David Dobbs to discuss Bevill's affidavit and Bevill's continued employment with the City of Quitman Police Department.

33. Upon information and belief, Sheriff Castloo, Judge Fletcher and DA Wheeler threatened to retaliate against the City of Quitman and its residents by withholding Wood County resources and support for the Quitman Police Department if Bevill was not fired in retaliation for the affidavit.

34. Upon information and belief, City of Quitman officials, including Mayor Dobbs then discussed Bevill's termination with City of Quitman Police Chief Kelly Cole who objected to Bevill's termination and requested to handle the matter internally.  Mayor Dobbs instructed Chief Cole that he had no choice but to fire Bevill and passed along Sheriff Castloo, DA Wheeler, and Judge Fletcher's threats to withhold resources from the citizens of the City of Quitman and the police department if Bevill wasn't fired.

35. The threat to withhold resources was later recognized (in part) as a basis for Bevill's termination both by Chief Cole and Quitman's City Secretary, Greg Hollen, in statements the men made to the Texas Workforce Commission.  Chief Cole and Mr. Hollen both stated that the determination to terminate Bevill was based in part because (then) DA Wheeler threatened not to take any more cases from the City of Quitman.

- ▪ ***Bevill is placed on administrative leave from City of Quitman Police Department.***

36. On or about June 8, 2017, Chief Cole informed Bevill that he was being placed on administrative leave pending an internal investigation.   Bevill was also provided a written notice from Chief Cole on City of Quitman letterhead.  The letter stated:

> Beginning this date forward, you are hereby placed on Administrative Leave from the Quitman Police Department, while an administrative investigation is conducted into allegations of violations of Police Department and City policies.  See attached complaint.  You will be paid while on Administrative Leave.  You are expected to cooperate with the investigation.
>
> During the time period you are on Administrative Leave, you will be restricted from coming to the City of Quitman Police Department's administrative offices as well as other City facilities, unless your presence is required by the investigator.  You will be notified during those times that your presence is needed to facilitate the efficiency of this investigation.  When you are asked to come to a City facility by the investigator, you are not permitted to bring any type of firearm.
>
> The confidentiality and integrity of the administrative investigation must be maintained.  You are hereby ordered not to discuss the investigation with anyone, including but not limited to witnesses, prospective witnesses, or any member or non-member of the Quitman Police Department.  The only exception to this order is that if you wish, you may consult a lawyer to advise you on your constitutional rights and/or any other legal concerns that you may have regarding this proceeding.
>
> Upon receiving this notification, you are hereby ordered to temporarily relinquish all Departmental identification that you possess, to include your badge and identification cards.  You are also ordered to temporarily relinquish all keys belonging to this agency and/or all keys that serve to open any property or equipment belonging to this agency.  Finally, you are ordered not to access any City computer for any reason.  If applicable, I will make arrangements for your City vehicle to be picked up from your home after you have driven there today.

> Until further notice by me, you will not act in the official capacity of a police officer for the City of Quitman.  The order should not be construed in any manner to negate the rights afforded you as a United States citizen.  I will notify you at such time that the restrictions in this Memorandum have been lifted.
>
> If you have any questions about this Order, you are directed to contact me.

37. Attached to this memorandum was the complaint on City of Quitman letterhead which stated:

On June 2, 2017, you testified, by way of Affidavit, in a criminal matter styled *The State of Texas v. David Jaywayne McGee*, in the District Court, 402nd Judicial District, Wood County, Texas, Cause No. 23188-2017; 23189-2017; 23190-2017; 23191-2017.    By way of the Affidavit you testified that Defendant, David McGee, could not get a fair and impartial trial in Wood County, Texas due to the following:

1. Pretrial publicity involving the case; and

2. Personal relationships between the Sheriff, the District Attorney, and the Presiding Judge;

Additionally, you testified as having personal knowledge regarding the relationships between the Sheriff, the District Attorney and the Presiding Judge and, consequently, opined that the Defendant would be greatly prejudiced if he were tried in Wood County. You further stated that based on your testimony, a fair and impartial trial regarding the Defendant could be obtained in Rains County, Texas.

Your testimony by way of the referenced Affidavit and the statements alleged therein are in violation of the following policies of the City of Quitman Police Department:

*Chapter 11, Section 11.20.2 – "Members of the Department shall not take part or be concerned, either directly or indirectly, in making or negotiating any compromise or arrangement for any criminal or person to escape the penalty of law.  Employees shall not seek to obtain any continuance of any trial in court out of friendship for the Defendant or otherwise interfere with the courts of justice.  This Section shall not be construed as preventing an employee from cooperating with the city attorney or the prosecuting attorney in altering any charge, or other action, in the furtherance of justice in any case he/she may be concerned with as the arresting or investigating officer."

*Chapter 12 (code of conduct standard 4.9 – Peace Officers shall at all times conduct themselves in a manner which does not discredit the Peace Officer profession or their employing agency.

This notice is being provided to you pursuant to Texas Government Code Section 614.023. By providing this notice, you are also being notified that you are being placed on paid administrative leave until further advised.  You will have 72 hours from your receipt of this Memorandum to provide any written response to this notification.  Please be advised that while you have the right to provide a written response, you are not obligated or required to provide any such response.

Following 72 hours from your receipt of this Memorandum, I will consider any written response that you may or may not provide, and make a decision regarding your employment status based on the facts and results of the City's investigation.  I will notify you of my decision in writing.  In the event that any disciplinary action is warranted, such action may include any and all disciplinary measures allowed pursuant to City Policy, which may include termination.

Please contact me should you have any questions or comments regarding the content of this Memorandum.

   ▪ ***Bevill is fired from City of Quitman Police Department in retaliation for his affidavit testimony.***

38. On June 21, 2017, the local paper, *Wood County Monitor*, ran a front-page article with the headline "Former jail administrator requests change of venue" detailing McGee's effort to transfer venue for a fair trial.  The article described the affidavit testimony by Bevill, McGee and McGee's wife in support of the motion.  Bevill was fired hours after the article was published and word of his affidavit made its way through the community.

39. Chief Cole presented Bevill with the following Findings of Investigation on City of Quitman Letterhead dated June 21, 2017:

On or about June 8, 2017, you were served with a signed written complaint, as required by the Texas Government Code.  The City retained attorney Blake Armstrong ("Investigator") to conduct the investigation into these allegations that:

On June 2, 2017, you testified, by way of Affidavit, in a criminal matter styled *The State of Texas v. David Jaywayne McGee*, in the District Court, 402nd Judicial District, Wood County, Texas, Cause Nos. 23188-2017; 23189-2017; 23190-20147; and 23191-2017.  By way of the Affidavit, you testified that Defendant, David McGee, could not get a fair and impartial trial in Wood County, Texas due to the following:

1.  Pretrial publicity involving the case; and

2.  Personal relationships between the Sheriff, the District Attorney, and the Presiding Judge.

Additionally, you testified as having personal knowledge regarding the relationships between the Sheriff, the District Attorney and the Presiding Judge and,

14

consequently, opined that the Defendant would be greatly prejudiced if he were tried in Wood County.

The investigator interviewed you and other involved witnesses.  He concluded that you are/were personal friends with McGee and that he is under indictment.  McGee asked you to opine that he could not receive a fair trial in Wood County and you agreed to do so.

You were not subpoenaed to provide this information.  Rather, you voluntarily signed the affidavit in support of McGee's request for a change in venue.  Although you did not draft the affidavit, you stood by the testimony in the affidavit.  You did not discuss the matter with anyone in the City or the Quitman Police Department before you provided the testimony in support of McGee.

You further admitted you do not believe that any other defendants have received unfair treatment in Wood County, only McGee.

The investigation revealed your actions violated the following policies:

*Chapter 11, Section 11.20.2 – "Members of the Department shall not take part or be concerned, either directly or indirectly, in making or negotiating any compromise or arrangement for any criminal or person to escape the penalty of law. Employees shall not seek to obtain any continuance of any trial in court out of friendship for the Defendant or otherwise interfere with the courts of justice.  This Section shall not be construed as preventing an employee from cooperating with the city attorney or the prosecuting attorney in altering any charge, or other action, in the furtherance of justice in any case he/she may be concerned with as the arresting or investigating officer."

*Chapter 12 (code of conduct standard 4.9 – Peace Officers shall at all times conduct themselves in a manner which does not discredit the Peace Officer profession or their employing agency.

I will meet with you and listen to your side of the story. Following that meeting, I will make a decision regarding your employment.

40. No mention was made in the termination memo about threats made by Defendants Castloo, Wheeler or Fletcher to withhold resources from the City of Quitman as a basis for termination.

41. The stated basis for Bevill's termination was a pretext.  Bevill was disciplined then terminated by the City of Quitman in retaliation for Bevill exercising his right to speak publicly on a matter of public concern.

- ***Retaliation campaign against Bevill continues after he is fired.***

42. The day after Bevill was fired, June 22, 2017, Sheriff Castloo, DA Wheeler, Judge Fletcher and Chief Cole attended a Quitman City Council meeting where Sheriff Castloo confronted Quitman officials about the City's response to Bevill's affidavit and the newspaper article.

43. City of Quitman Open Meeting Minutes reflect that Sheriff Castloo "express[ed] his disappointment in the city's lack of a public response to former Quitman police Captain Bevill's affidavit in a pending criminal court case. He stated he felt the city should refute the statements and to do more to provide support to the [Wood County] DA's office, the [Wood County] Sheriff's office and Criminal District Court [Judge Fletcher's] office in this matter." Additionally, the *Wood County Monitor* reported that Sheriff Castloo also told the City Council "I understand you have taken some steps. <u>I understand more steps need to be taken.</u>" (emphasis added).

- ***Bevill is arrested and charged with aggravated perjury for statements made in his affidavit testimony.***

44. McGee's Motion to Change Venue was denied.  A jury found McGee guilty after a 2-day trial prosecuted by DA Wheeler in Judge Fletcher's court.

45. At the conclusion of McGee's trial, Fletcher announced in open court that he was issuing a warrant for Bevill's arrest for aggravated perjury – a felony.

46. Fletcher went on to characterize the statements in Bevill's affidavit a "lie, plain and simple," "reprehensible" and "disrespectful of every law enforcement officer and officer of the court who do their best each day." He criticized Bevill for not appearing in court to defend his statements "when given the opportunity."  While claiming he did not take Bevill's statement

16

personally, Fletcher defended his relationships with DA Wheeler and Sheriff Castloo and declared that the elected officials deserved "the support of the community."

47. DA Wheeler concluded the trial publicly praising and thanking Sheriff Castloo for standing up "for justice and integrity."

48. After receiving a call from a deputy in the Wood County Sheriff's office that a warrant had been issued for his arrest, Bevill voluntarily turned himself in for arrest to the Wood County Sheriff.

49. In furtherance of the conspiracy, Judge Fletcher placed extreme and unreasonable conditions on Plaintiff Bevill's bond (originally set at $20,000 but later reduced to $10,000) while the criminal charges were pending.   As a condition of bond, Judge Fletcher required Bevill to: (1) turn over all of his firearms; (2) submit to drug testing every two weeks at a cost of $20.00 each time; (3) obtain prior written permission from the Wood County Community Supervision and Corrections Department or the court before leaving Wood County; (4) report to the Wood County Community Supervision & Corrections Department every two weeks; and (5) abstain from the use of alcohol. Bevill complied with every bond condition imposed.

- ▪ ***Bevill's suffering is prolonged while District Attorney allows criminal charges to languish without prosecution for approximately 16 months.***

50. The retaliation did not end with Bevill's termination or arrest.  The City of Quitman and the City of Quitman Police Department made representations to Bevill that his health insurance coverage would continue for three months following his termination.  This was significant to Bevill because his wife was in poor health and required significant medical care.   The City of Quitman and the City of Quitman Police Department did not fulfill this agreement and cancelled Bevill's health insurance without notice.

51. Bevill's criminal charges sat in limbo for the next sixteen (16) months. Upon information and belief, in furtherance of the conspiracy DA Wheeler refused to bring this case before a grand jury in an effort to prolong the pending criminal action as long as possible in retribution for the affidavit.  At all times herein, Wheeler was acting outside of his scope of authority as a prosecutor, motivated solely by his personal interests in seeking to further his private purpose of punishing Bevill for the statements in his affidavit.

52. Following his arrest, Bevill's job prospects were minimal because he had been arrested for a felony.   He was unable to work in any law enforcement capacity while the felony charges remained pending.    He found some unsteady work driving a truck, which paid significantly less.   Bevill resorted to selling his personal property as a way to make ends meet.  His personal and professional reputation were irreparably damaged as a result of the retributive acts inflicted against him by Defendants.

- ▪ ***Bevill is exonerated when a grand jury determines there are insufficient grounds to prosecute him for aggravated perjury.***

53. In October 2018, the Texas Rangers began investigating then District Attorney Wheeler for official oppression.  Ultimately, Wheeler resigned his office in lieu of prosecution.

54. Approximately ten (10) days after Wheeler left office, Bevill's criminal case was submitted to a grand jury and he was no-billed for aggravated perjury on October 31, 2018.

# V.

## CAUSES OF ACTION

## First Cause of Action - Unconstitutional Retaliatory Employment Termination In Violation of 42 U.S.C. § 1983
### (Against the City of Quitman and Mayor Dobbs)

52. Defendants Mayor Dobbs and the City of Quitman acted under color of state law at times relevant hereto.

55. As set forth in the preceding paragraphs, Bevill was fired from the City of Quitman Police Department in retaliation for exercising his right to freely speak on a matter of public concern in violation of the First Amendment to the United States Constitution made applicable to the Defendants by the Fourteenth Amendment for which redress is provided by 42 U.S.C. §1983.

56. Specifically, Bevill was fired by the City of Quitman for providing affidavit testimony in his individual capacity regarding a criminal defendant's right to a fair trial.  Bevill's statement was made as a private citizen and not made within the scope of his duties as a Quitman police officer.

57. As a pretext for his termination, Mayor Dobbs and the City of Quitman claimed Bevill was fired because he violated city and police department policies by signing the affidavit.

58. Alternatively, the written policies relied upon by the City of Quitman as a basis for Bevill's termination create an unconstitutional basis for which City of Quitman personnel can be terminated when speaking publicly on matters of public concern.

59. Mayor Dobbs acting in his official capacity on behalf of the City of Quitman possessed final policymaking authority for the City of Quitman.  Mayor Dobbs made a determination to terminate Bevill from the City of Quitman Police Department in retaliation for a statement of public concern Bevill made in his capacity as a private citizen.  The decision to terminate Bevill

19

was made with deliberate indifference to Bevill's constitutional rights and was the moving force behind the violation of Bevill's First Amendment rights.

**Second Cause of Action – Conspiracy to Commit Unconstitutional Retaliatory Employment Termination In Violation of 42 U.S.C. § 1983**
**(Against Defendants City of Quitman, Mayor Dobbs,**
**Sheriff Castloo, DA Wheeler, and Judge Fletcher)**

60.  All Defendants acted under color of state law at all times relevant hereto.

61.  The facts set out in this complaint establish a conspiracy to commit a 1983 violation of Bevill's First Amendment rights under 42 U.S.C. § 1983 for which the City of Quitman, Mayor Dobbs, Sheriff Castloo, DA Wheeler, and Judge Fletcher are jointly and severally liable and for which each defendant is separately liable. These Defendants agreed and conspired to retaliate against Bevill for his exercise of his First Amendment rights by having Bevill terminated from his employment.

62.  All of the individual defendants (DA Wheeler, Sheriff Castloo, Mayor Dobbs, and Judge Fletcher) violated Bevill's First Amendment right to speak freely on a matter of public concern that was clearly established at the time he exercised his First Amendment right and the time he was terminated from his employment.

63.  Upon information and belief, shortly after Bevill executed the venue affidavit, Sheriff Castloo, Judge Fletcher and (then) DA Wheeler approached City of Quitman officials including Mayor Dobbs and instructed the City of Quitman and Mayor Dobbs to fire Bevill because of the statements he made in the affidavit.

64.  Upon information and belief, Sheriff Castloo, DA Wheeler and Judge Fletcher threatened to retaliate against the City of Quitman and its residents by withholding county resources and support of the Quitman Police Department.

65. Upon information and belief, Mayor Dobbs agreed to fire Bevill and discussed Bevill's termination with City of Quitman Police Chief Kelly Cole who objected to Bevill's termination and requested to handle the matter internally. Mayor Dobbs instructed Chief Cole that he had no choice but to fire Bevill and passed along Sheriff Castloo, DA Wheeler, and Judge Fletcher's threats to withhold resources. Mayor Dobbs denied Chief Cole's request and instructed him to fire Bevill in retaliation for the affidavit and in violation of his First Amendment rights. Mayor Dobbs is and was at all relevant times hereto the Mayor and chief policymaking official of the City of Quitman, Texas.

66. The acts of the individual defendants complained of herein were wanton, malicious, and done with the specific intent to deprive Bevill of his rights and the specific intent to cause substantial injury to Bevill, rendering appropriate the award of punitive damages against each individual defendant, separately, in their individual capacities.

67. During the relevant time, Sheriff Castloo, DA Wheeler, and Judge Fletcher were not acting in the ordinary course and scope of their employment or their official capacities; rather, they were acting outside the scope of the job duties of their offices when threatening to withhold services to the City of Quitman and the citizenry of Wood County and, as such, formed part of the conspiracy as non-state actors and enjoy no immunity (qualified or otherwise) for their conduct in forming and joining a conspiracy to unconstitutionally retaliate against Bevill with Mayor Dobbs and the City of Quitman.

**Third Cause of Action – Unconstitutional Oppression, Intimidation, and Retaliation in Contravention of the First Amendment and In Violation of 42 U.S.C. § 1983 (Against Wood County and Sheriff Castloo)**

68. All Defendants acted under color of state law at all times relevant hereto.

69. At all times relevant to this lawsuit, Sheriff Castloo was the final policymaker for law enforcement in Wood County. Wood County and Sheriff Castloo's actions in formulating and enforcing policies, practices and customs of violating constitutional rights through harassment, oppression and retaliation were objectively unreasonable and violated clearly established law.

70. As set forth in the preceding paragraphs, the acts of Sheriff Castloo as the official policymaker for law enforcement in Wood County amount to a violation of 42 U.S.C. § 1983 for which Wood County is liable.  Wood County adopted policies and/or created customs that allowed for harassment, oppression and retaliation against private citizens such as Terry Bevill.  Sheriff Castloo used his power as the Wood County Sheriff and final policymaker for law enforcement in Wood County to intimidate and harass Bevill and have him terminated from the City of Quitman Police Department and to arrest him in furtherance of a retaliation conspiracy.

71. As a result of Sheriff Castloo's action as described in this complaint, Bevill lost his job and was arrested for aggravated perjury.  Sheriff Castloo and Wood County's conduct was unlawful, violated clearly established law and was objectively unreasonable.

**Fourth Cause of Action – Conspiracy to Violate § 1983 (Conspiracy: Criminal Prosecution) (Against Wood County, DA Wheeler, Sheriff Castloo, and Judge Fletcher)**

72. The facts set forth in this complaint amount to a conspiracy to violate of 42 U.S.C. §1983 for which Sheriff Castloo, Wood County, DA Wheeler, and Judge Fletcher are jointly and severally liable and for which each defendant is separately liable.

73. Defendants Castloo, Wheeler and Fletcher conspired to injure Bevill and deprive him his equal protection under the laws in retaliation for Bevill's affidavit testimony in support of McGee's Motion to Change Venue.

74. Defendants actions were an intentional effort to deprive Bevill of his First Amendment rights and to retaliate against Bevill for exercising his right to speak freely on a matter of public concern. The conspiracy was designed to not only force Bevill out of employment, but also to intentionally injure, embarrass, intimidate, and harass Bevill through a misuse and abuse of the criminal justice system.

75. Upon information and belief, Judge Fletcher, DA Wheeler, and Sheriff Castloo agreed and conspired to retaliate against Bevill for exercising his First Amendment rights by initiating criminal charges against Bevill for signing the affidavit, then delaying its submission to the grand jury for approximately sixteen (16) months for the sole purpose of harassment.

76. Wood County is a co-conspirator through Sheriff Castloo as the official policymaker for law enforcement in Wood County.

77. Upon information and belief, Defendants Fletcher and Wheeler actively agreed to join this conspiracy and participated willingly and knowingly through the misuse of the criminal justice system and abuse of their respective offices.

78. The conduct of Defendants DA Wheeler, Wood County, Sheriff Castloo, and Judge Fletcher were objectively unreasonable because Bevill's First Amendment rights were clearly established at the time he exercised those rights and at the time of his termination.

79. The facts set out above amount to a conspiracy to violate 42 U.S.C. § 1983 for which DA Wheeler, Wood County, Sheriff Castloo, and Judge Fletcher are jointly and severally liable

and for which each defendant is separately liable as co-conspirators irrespective of any individual acts that may be protected through official or judicial immunity.

80. Bevill was arrested for aggravated perjury pursuant to a warrant signed by Judge Fletcher because Bevill exercised his right to speak freely about the ability of McGee to obtain a fair trial.  The issuance of the warrant was in bad faith and was an intentional targeting of Bevill. The conduct of Defendants Fletcher, Wheeler and Sheriff Castloo was objectively unreasonable because Bevill's First Amendment rights were clearly established at the time he exercised them and at the time the criminal proceedings were initiated.  The agreement to conspire against Bevill and the misuse of the criminal justice system was not objectively reasonable and was not performed within the normal confines of the discretionary authority of these individuals' offices.

81. Each of the acts of the individual Defendants Fletcher, Wheeler, and Sheriff Castloo provide circumstantial evidence of their agreement and overt acts in furtherance of a conspiracy to retaliate, oppress, and intimidate Plaintiff. Each of the individual Defendants is liable derivatively in their capacity as co-conspirators and each are jointly and severally liable for the bad acts giving rise to this claim.

82. The acts of the individual Defendants complained of herein were wanton, malicious, and done with the specific intent to deprive Bevill of his rights and the specific intent to cause substantial injury to Bevill, rendering appropriate the award of punitive damages against each individual defendant, separately, in his individual capacity.

## VI.

## <u>DAMAGES</u>

83. Defendants' wrongful acts and omissions set out above, jointly and severally, have proximately caused Bevill substantial damages including severe emotional distress, personal humiliation, mental pain and suffering, embarrassment, lost income, and damage to reputation.

84. Sheriff Castloo's, Mayor Dobbs', Wheeler's and Feltcher's acts and omissions complained of herein were wanton, malicious, and done with the specific intent to deprive Bevill of his rights and the specific intent to cause substantial injury to Bevill, rendering appropriate the award of punitive damages against these individual defendants in their individual capacities.

## VII.

## <u>JURY DEMAND</u>

85. Bevill demands a trial by jury on all issues so triable.

## VIII.

## <u>PRAYER</u>

PLAINTIFF PRAYS that this Honorable Court:

   a.   Enter judgment in behalf of Plaintiff Terry Bevill for compensatory damages against all Defendants jointly and severally, and separately, in the amount to be proven at trial;

   b.   Enter judgment for punitive damages against Defendant Tom Castloo, in his individual capacity, sufficient to punish Defendant Tom Castloo for his misconduct in the case at bar and in an amount sufficient to deter Defendant Tom Castloo, and others from doing the same thing to Plaintiff Terry Bevill or someone else in the future;

   c.   Enter judgment for punitive damages against former Wood County District Attorney Defendant Jim Wheeler, in his individual capacity, sufficient to punish Defendant Wheeler for his misconduct in the case at bar and in an amount sufficient

to deter Defendant Wheeler, and others from doing the same thing to Plaintiff Terry Bevill or someone else in the future;

d. Enter judgment for punitive damages against Defendant Mayor David Dobbs, in his individual capacity, sufficient to punish Defendant Mayor David Dobbs for his misconduct in the case at bar and in an amount sufficient to deter Defendant Mayor David Dobbs and others from doing the same thing to Plaintiff Terry Bevill or someone else in the future;

e. Enter judgment for punitive damages against Defendant Jeffrey Fletcher, in his individual capacity, sufficient to punish Defendant Jeffrey Fletcher for his misconduct in the case at bar and in an amount sufficient to deter Defendant Jeffrey Fletcher and others from doing the same thing to Plaintiff Terry Bevill or someone else in the future;

f. Grant Plaintiff Terry Bevill any and all additional relief to which they may appear to be entitled including statutory attorneys' fees, prejudgment interest, post-judgment interest, and their costs herein expended; and

g. Grant a trial by jury on all issues so triable.

Respectfully submitted,

SOMMERMAN, MCCAFFITY,
QUESADA & GEISLER, LLP

*/s/ Laura Benitez Geisler*

Laura Benitez Geisler
State Bar No. 24001722
lgeisler@textrial.com
Sean J. McCaffity
State Bar No. 24013122
smccaffity@textrial.com
Jody Rodenberg
State Bar No. 24073133
jrodenberg@textrial.com

3811 Turtle Creek Blvd., Suite 1400
Dallas, TX  75219
Telephone: 214/720-0720
Facsimile: 214/720-0184

ATTORNEYS FOR PLAINTIFF

26

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify this 13th day of August, 2019 that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5.  Therefore, this document was served on all counsel via electronic service.

*/s/ Laura Benitez Geisler*