# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| TERRY BEVILL, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | Civil Action No. 4:19-cv-00406 |
| | § | Judge Mazzant |
| CITY OF QUITMAN, TEXAS, ET AL., | § | |
| | § | |
| *Defendants.* | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Plaintiff's Motion to Compel Discovery and Deem Admissions (Dkt. #123). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **GRANTED in part** and **DENIED in part.**

## BACKGROUND

### I.    Factual Background of the Case

At the time the events giving rise to this lawsuit occurred, Plaintiff Terry Bevill ("Bevill") was the Captain of the Quitman Police Department ("Quitman PD") and an instructor at the Kilgore Police Academy. On or around February 8, 2017, while Bevill still occupied his position with Quitman PD, a man named David McGee ("Mr. McGee") was arrested and charged with facilitating or permitting the escape of an inmate from the Wood County Jail and with tampering with government records while employed as a Wood County Jail administrator. Mr. McGee's arrest apparently attracted pretrial publicity in the area.

Recognizing the publicity of the circumstances surrounding his arrest and the fact that he would stand trial in Wood County, on or around June 2, 2017, Mr. McGee asked Bevill if he would consider signing an affidavit in support of his motion to change venue. Mr. McGee did not believe he would receive a fair and impartial trial in Wood County. Bevill shared this belief, and he spoke

to Mr. McGee's lawyer about signing the affidavit. The affidavit set forth two primary reasons for Mr. McGee's requested venue change: (1) pretrial publicity; and (2) alleged personal relationships between Sheriff Tom Castloo ("Sheriff Castloo"), Wood County District Attorney James Wheeler ("Wheeler"), and State District Judge Jeff Fletcher ("Judge Fletcher"). The material portions of the affidavit, which Bevill executed on June 2, 2017, are reproduced below:

> My name is TERRY BEVILL. I am currently the Quitman Police Department Captain and the former Jail Administrator for Hopkins County, and a formal investigator with Wood County Sherriff's office. I am over the age of 18 and competent to make this oath.
>
> I believe it will not be possible for DAVID MCGEE to get a fair and impartial trial in Wood County, Texas due to the pre-trial publicity involved in this case and the personal relationship between the Sheriff, the District Attorney, and the Presiding Judge in this matter. I am very familiar with the close relationships between these influential persons, and DAVID MCGEE will be greatly prejudiced by having a trial in Wood County.
>
> It is not possible for DAVID MCGEE to obtain a fair and impartial trial in Wood County, Texas because there is a dangerous combination against Defendant instigated by influential persons that a fair and impartial trial cannot be obtained.
>
> This suit should be heard in RAINS County, Texas, where it is possible to obtain a fair and impartial trial.

(Dkt. #38).

Mr. McGee's attorney filed the motion to change venue with Bevill's affidavit and affidavits from Mayra McGee and Mr. McGee, which were similar to Bevill's. And it was the events that followed the filing of the motion to change venue that give rise to Bevill's complaint. Apparently, shortly after the motion was filed, Sheriff Castloo, Wheeler, and Judge Fletcher approached City of Quitman Mayor David Dobbs ("Mayor Dobbs") to discuss Bevill's affidavit and his continued employment with Quitman PD. Bevill claims that Sheriff Castloo, Wheeler, and Judge Fletcher threatened to retaliate against the City of Quitman by withholding Wood County

resources and support for Quitman PD if Bevill was not fired for the affidavit he signed in support of Mr. McGee's motion.

Quitman Police Chief Kelly Cole ("Chief Cole") supposedly objected to Bevill's termination, preferring instead to handle the matter internally. Bevill claims Mayor Dobbs's response was to put pressure on Chief Cole by passing along Sheriff Castloo, Wheeler, and Judge Fletcher's threats to withhold resources from the city and from Quitman PD if Bevill was not fired.

On or about June 8, 2017, Chief Cole informed Bevill that he was being placed on administrative leave pending an internal investigation. Shortly thereafter, on June 21, 2017, Bevill was fired. Chief Cole presented Bevill with the findings from the investigation that ultimately led to his termination. The investigation revealed that Bevill's actions violated certain Quitman PD policies. The policies Bevill is alleged to have violated are reproduced in full below.

> Chapter 11, Section 11.20.3 – Members of the Department shall not take part or be concerned, either directly or indirectly, in making or negotiating any compromise or arrangement for any criminal or person to escape the penalty of law.  Employees shall not seek to obtain any continuance of any trial in court out of friendship for the Defendant or otherwise interfere with the courts of justice.  This section shall not be construed as preventing an employee from cooperating with the city attorney or the prosecuting attorney in altering any charge, or other action, in the furtherance of justice in any case he/she may be concerned with as the arresting or investigating officer.

> Chapter 12 (code of conduct standard 4.9) – Peace officers shall at all times conduct themselves in a manner which does not discredit the Peace Officer profession or their employing agency.

(Dkt. #38).

The day following Bevill's termination, Sheriff Castloo, Wheeler, Judge Fletcher, and Chief Cole attended a Quitman City Council meeting. There, Sheriff Castloo discussed the details surrounding Bevill's affidavit and a newspaper article from the *Wood County Monitor* publicizing those details. According to Bevill, the meeting minutes indicated that Sheriff Castloo was

disappointed in the city's lack of a public response to Bevill's affidavit and thought the city should refute Bevill's statements expressed in the affidavit and do more to support the DA's office, the Sheriff's office, and Judge Fletcher in the matter. Moreover, the *Wood County Monitor* reported that Sheriff Castloo also told the City Council: "I understand you have taken some steps. I understand more steps need to be taken" (Dkt. #38).

Mr. McGee's motion to transfer venue was eventually denied, and after a two-day trial in Judge Fletcher's court, a jury found him guilty. At the conclusion of Mr. McGee's trial, Judge Fletcher announced in open court that he was issuing a warrant for Bevill's arrest for aggravated perjury, which is a felony offense. Judge Fletcher called Bevill's statements in Mr. McGee's affidavit "lie[s], plain and simple," "reprehensible," and "disrespectful of every law enforcement officer and officer of the court who do their best each day." In response to the warrant for his arrest, Bevill voluntarily turned himself in. Judge Fletcher apparently set bond at $20,000, which was later reduced to $10,000, and required that Bevill satisfy the following bond conditions: (1) turn over all of his firearms; (2) submit to drug testing every two weeks at a cost of $20 per test; (3) obtain prior written permission from the Wood County Community Supervision and Corrections Department or the court before leaving Wood County; (4) report to the Wood County Community Supervision and Corrections Department every two weeks; and (5) abstain from the use of alcohol.  According to Bevill, he complied with each bond condition.

Bevill's felony charges were pending for the next sixteen months. Bevill alleges that Wheeler refused to bring his case before a grand jury in an effort to unnecessarily prolong the conspiracy in retaliation for Bevill having submitted the affidavit for Mr. McGee. By October 2018, the Texas Rangers began investigating Wheeler for official oppression. Wheeler ultimately resigned his office in lieu of the risk of facing prosecution. Ten days after Wheeler resigned,

Bevill's case was submitted to a grand jury. On October 31, 2018, the grand jury no-billed Bevill for the aggravated perjury charge.

## II.      Relevant Background of the Present Motion

The instant matter arises out of a discovery dispute between Bevill and two of the defendants in the above-referenced case, Wheeler and Wood County, Texas ("Wood County"). During the discovery process, Bevill served Wheeler and Wood County with requests for production and requests for admission relating to the case. Bevill now claims that Wheeler and Wood County's responses were deficient for a number of reasons. Thus, he seeks to compel the defendants to produce certain documents and asks the Court deem the defendants admitted to certain requests for admission.

Furthermore, Bevill alleges that Wheeler has obfuscated the discovery process—pointing out that he received documents that Wheeler claimed not to have when responding to certain requests for production. In the requests, Bevill asked Wheeler to produce documents relating to the Judicial Conduct Commission and Texas Rangers' investigations into Judge Fletcher, which focused on Judge Fletcher's alleged abuse of office in attempting to divert a DWI case to come before his court. Wheeler stated that, subject an objection, he had none. Afterwards, Bevill independently obtained the documents he requested through a records request made to the Texas Rangers. Thus, as Bevill sees it, Wheeler's responses in discovery have been nothing short of "misleading" and call into question his other discovery responses.

On August 29, 2022, Bevill filed his Motion to Compel Discovery and Deem Admissions (Dkt. #123). On September 26, 2022, Wood County and Wheeler provided their responses. (Dkt. #131; Dkt. #132). On October 3, 2022, Bevill filed his reply (Dkt. #134).

## LEGAL STANDARD

### I.      General Discovery Principles

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."  FED. R. CIV. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). The Local Rules of the Eastern District of Texas provide that information is "relevant to any party's claim or defense [if]: (1) it includes information that would not support the disclosing parties' contentions; . . . (4) it is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense . . . ."  LOCAL RULE CV-26(d). It is well established that "control of discovery is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)).

### II.     Requests for Production

Federal Rule of Civil Procedure 34 governs requests for production of documents, electronically stored information, and tangible things. Rule 34 requires responses to "either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). "An objection [to the entire request] must state whether any responsive materials are being withheld on the basis of that objection." FED. R. CIV. P. 34(b)(2)(C). On the other hand, "[a]n objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(C).

### III.    Requests for Admission

Meanwhile, Federal Rule of Civil Procedure 36 controls requests for admission. *See* FED. R. CIV. P. 36. Rule 36(a) provides, in relevant part, "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within

6

the scope of Rule 26(b)(1) relating to: facts, the application of law to fact, or opinions about either; and the genuineness of any described documents." *Id.* 36(a). "Rule 36 allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact." *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001) (citations omitted). "Such breadth allows litigants to winnow down issues prior to trial and thus focus their energy and resources on disputed matters." *Id.* (citing 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2254 (3d ed. 1994)).

Typically, a party must respond to a request for admission within thirty days after being served; otherwise, the matter is deemed admitted. *See* Fed. R. Civ. P. 36(a)(4). The party may respond by either answering or objecting to the request. *CHU de Quebec - Universite Laval v. DreamScape Dev. Group Holdings, Inc.*, No. 4:21-CV-182-SDJ, 2022 WL 1719405, at *8 (E.D. Tex. May 27, 2022). If the party objects to a request, "[t]he grounds for objecting to a request must be stated." Fed. R. Civ. P. 36(a)(5). "Rule 36(a)(6) permits the requesting party to move for a determination of the sufficiency of an answer or objection to a request for admission." *CHU de Quebec - Universite Laval*, 2022 WL 1719405, at *8. On finding an objection is unjustified, the Court must order that "an answer be served." Fed R. Civ. P. 36(a)(6).

## IV.   Motions to Compel

Rule 37 of the Federal Rules of Civil Procedure allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). The moving party bears the burden of showing that the materials and information sought are discoverable. *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery

is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted. *Id.*

**ANALYSIS**

Bevill filed the present motion because he asserts that Wheeler and Wood County improperly responded to various discovery requests. The Court will address the arguments against each defendant individually.

## I. Defendant Wheeler

As it pertains to Wheeler, Bevill seeks two different forms of relief (Dkt. #123 at pp. 7–9). Bevill argues that Wheeler improperly objected to certain requests for production, and as a result, the Court should compel Wheeler to produce any responsive documents (Dkt. #123 at pp. 8–9). Additionally, Bevill implores the Court to deem that Wheeler admitted to certain matters because Wheeler improperly objected to several requests for admission (Dkt. #123 at pp. 7–8). While the Court believes Wheeler's responses were deficient, the Court will not grant either remedy here. Instead, Wheeler is ordered to provide supplemental responses to both requests as detailed below.

### A. Requests for Production

Bevill first requests that the Court overrule Wheeler's objections to several different requests for production and compel him to produce any responsive documents. Specifically, Bevill takes exception to Wheeler's responses to his requests for production numbered 1–7, 20–23, 25–26, 28–29, 37, 39–40, and 44–45 (individually, "RFP," and collectively, "RFPs"). Wheeler's responses to these RFPs all contain the same language: "Defendant objects to this Request because the requested documents are not relevant to any party's claim or defense and is [sic] not necessary to resolve the issues currently pending in this case. Subject to such objection and without waiving same, none" (Dkt. #123, Exhibit 3 at pp. 5–6, 8–12). According to Bevill, these objections miss the mark because they are not sufficiently specific, and they "mak[e] it impossible to determine

8

whether responsive documents" exist since Wheeler couched his responses with "subject to" and "without waiving" language (Dkt. #123 at p. 8). The Court agrees and finds that Wheeler waived his objections to the RFPs. But because Wheeler's answers indicate he might not have any responsive documents, the Court orders Wheeler to provide more concrete answers on whether responsive documents exist within his possession, custody, or control.

### i.  Wheeler waived his objections

Objections to discovery must be stated with specificity. *Star Creek Ctr., LLC v. Seneca Ins. Co., Inc.*, No. 4:17-CV-00607, 2018 WL 1934084, at *2 (E.D. Tex. Apr. 23, 2018); *Enron Corp. Sav. Plan v. Hewitt Assocs. L.L.C.*, 258 F.R.D. 149, 153 n.1 (S.D. Tex. 2009). Rule 34 addresses requests for production, and it enumerates this specificity requirement—at least in part. The Rule provides that a responding party who objects to requests for production "must . . . *state with specificity* the grounds for objecting to the request, including the reasons."  FED. R. CIV. P. 34(b)(2)(B) (emphasis added). In this vein, responding parties waive their objections if they provide general, boilerplate objections to requests for production. *Star Creek Ctr.*, 2018 WL 1934084, at *2; *Ecoquij-Tzep v. Grill*, No. 3:16-CV-625-BN, 2017 WL 11693748, at *4 (N.D. Tex. Apr. 10, 2017). Here, Wheeler waived his objections to the RFPs because he did not state his objections with sufficient specificity—namely, he cabined his objections with "subject to" and "without waiving" language and utilized boilerplate relevancy objections. *See Star Creek Ctr.*, 2018 WL 1934084, at *2.

The Court has previously criticized parties for including "subject to" and "without waiving" statements when stating their objections to requests for production. *Id.* at *2–3; *Holcombe v. Advanced Integration Tech.*, No. 4:17-CV-00522, 2018 WL 3819974, at *3 (E.D. Tex. Aug. 10, 2018); *accord Keycorp v. Holland*, No. 3:16-CV-1948-D, 2016 WL 6277813, at *11 (N.D. Tex. Oct. 26, 2016); *Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, No.

08-21085-CIV, 2008 WL 4327253, at *3 (S.D. Fla. Sept. 18, 2008). Indeed, the Court has bluntly stated that the "practice is 'manifestly confusing (at best) and misleading (at worse)'" and without any basis in the Federal Rules of Civil Procedure. *Holcombe*, 2018 WL 3819974, at *3 (quoting *Keycorp*, 2016 WL 6277813, at *11); *see also Star Creek Ctr.*, 2018 WL 1934084, at *2. This is because the practice "leaves the requesting party uncertain as to whether the question has been fully answered . . . and wondering as to the scope of the documents or information that will be provided as responsive." *Star Creek Ctr.*, 2018 WL 1934084, at *2 (cleaned up) (citations omitted). By conditioning a response "subject to" an objection or "without waiving" an objection, the party does not provide enough specificity on either the completeness of his answer or the availability of documents for inspection. *Id.* at *3. Applying the same principles here, the Court finds that Wheeler waived his objections to the RFPs because he answered the RFPs with "subject to" and "without waiving" language. *See id.*

Wheeler's objections also suffer from another flaw—they state boilerplate, nonspecific relevancy objections. This results in Wheeler waiving his objections as well. As discussed previously, objections to requests for production must be made with specificity. *E.g.*, *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014) ("The 'prohibition against general or blanket objections to discovery requests has been long established.'") (internal brackets omitted) (quoting *Hall v. La.*, Civ. A. No. 12–657–BAJ–RLB, 2014 WL 2560579, at *1 (M.D.La. June 6, 2014)). This principle applies even when parties object to specific discovery requests. *See* FED. R. CIV. P. 34(b)(2)(B) ("For each item or category, the response must . . . state with specificity the grounds for objecting to the request, including the reasons."); *see also CHU de Quebec – Universite Laval*, 2022 WL 1719405, at *3. The burden falls on the party resisting discovery to "*show specifically* . . . how *each* [request] is not relevant . . . ." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*,

10

894 F.2d 1482, 1485 (5th Cir. 1990) (internal quotation marks omitted) (emphasis added). "Simply identifying an objection is not enough; rather, the party resisting discovery must show why the objection applies to the particular request at issue." *CHU de Quebec - Universite Laval*, 2022 WL 1719405, at *3 (citing *McLeod*, 895 F.2d at 1485).

In responding to the RFPs, Wheeler used the same identical objections with boilerplate language that the requests were irrelevant and unnecessary to resolve the case. "Boilerplate" includes language produced in "standardized text" or "ready-made or all-purpose language." *Boilerplate*, MERRIAM-WEBSTER COLLEGIATE DICTIONARY (11th ed. 2007); *Boilerplate*, BLACK'S LAW DICTIONARY (10th ed. 2014). Wheeler's objections fall squarely within this definition. Each objection to the RFPs used the same general language—regardless of what the RFP actually sought. While the RFPs addressed different documents, Wheeler always stated, "Defendant objects to this Request because the requested documents are not relevant to any party's claim or defense and is not necessary to resolve the issues currently pending in this case" (Dkt. #123, Exhibit 3 at pp. 5–6, 8–12). This boilerplate language is unacceptable under Rule 34. *See Heller*, 303 F.R.D. at 483; *Jostens, Inc. v. Hammons*, No. 4:20-CV-00225, 2021 WL 274437, at *8 (E.D. Tex. Jan. 27, 2021). Furthermore, Wheeler's responses are insufficient because they only provide a general relevancy objection without setting out any reasons for why the objection applies. *See McLeod*, 894 F.2d at 1485; *CHU de Quebec - Universite Laval*, 2022 WL 1719405, at *3. Wheeler's answers simply state a relevancy objection coupled with a claim that the request is not relevant or necessary to the pending case. *See* (Dkt. #123, Exhibit 3 at pp. 5–6, 8–12). As the responding party, it was Wheeler's burden to explain exactly how or why the RFPs were irrelevant. *See McLeod*, 894 F.2d at 1485. Yet, he made no effort to do so. Accordingly, the responses run afoul of the

11

requirement that Wheeler state his objections with specificity, which results in waiver of the objections. *See CHU de Quebec - Universite Laval*, 2022 WL 1719405, at *3.

Having found that he waived his objections, the Court must now address Wheeler's other argument for why the Court should not compel the production of the documents in the RFPs.

### ii.   Given Wheeler's "none" response, the Court orders Wheeler to provide supplemental responses

Ordinarily, if a responding party waives his objection to a request for production, then the Court orders the responding party to provide the documents to the requesting party. *See Jostens, Inc.*, 2021 WL 274437, at *8. However, when asked to produce the documents in the RFPs, Wheeler answered that "subject to" and "without waiving" his objections, he had "none." *See* (Dkt. #123, Exhibit C at pp. 5–6, 8–12). In responding to Bevill's motion to compel, Wheeler argued that his original responses to RFPs 1–5 were meant to indicate that he did not actually possess the requested documents (Dkt. #132 at pp. 4–5). He claims these documents were in the possession of the Texas Rangers—the organization investigating Judge Fletcher's misconduct in a different matter. Therefore, when Wheeler responded "none," to these certain requests, he meant that he could not produce any of the documents because they were not in his possession, custody, or control. *See* FED. R. CIV. P. 34(a)(1) (permitting parties to request the production of documents or tangible things within the responding party's "possession, custody, or control"). Interestingly, in his response to the motion to compel, Wheeler makes no argument that he lacks custody, possession, or control of the other materials sought in the other RFPs (i.e., RFPs 6–7, 20–23, 25–26, 28–29, 37, 39–40, and 44–45)—or that any of these documents do not exist. But, as stated above, Wheeler provided the same response to these other RFPs: he answered with a boilerplate, nonspecific objection followed by the response "none."

Of course, the Court cannot compel a party to produce materials that do not exist. Nor can it compel a party to produce documents outside of his custody, possession, or control. *See* FED. R. CIV. P. 34(a) ("A party may serve on any other party a request . . . to produce . . . the following items in the responding party's *possession, custody, or control* . . . .") (emphasis added). That said, Wheeler's answer of "none" might be sufficient in some cases for the Court to determine that he has no responsive documents, thus prompting the Court to deny Bevill's motion. But that is not the case here.

By cushioning his responses with "subject to" language and then only answering "none," the Court cannot determine whether Wheeler lacks certain documents or whether he cannot produce the documents solely because he believes they are irrelevant. *See Star Creek Ctr.*, 2018 WL 1934084, at *2. This point is magnified by the surrounding circumstances to this motion. In response to the motion to compel, Wheeler makes no mention of the other RFPs, so it is difficult deduce whether the requested documents exist or are outside of Wheeler's possession, custody, or control. Moreover, Bevill has since learned that some of the documents requested in the RFPs— specifically RFPs 1–5—actually *do* exist after obtaining them from the Texas Rangers. Given all of this information, the Court is reluctant to import a meaning to every single one of Wheeler's responses and assume that he means that the documents do not exist, or alternatively, that they do exist, but they are not within his custody, control, or possession.

Accordingly, the Court orders Wheeler to provide supplemental responses to the RFPs indicating whether he lacks possession, control, or custody of the documents, or alternatively, stating whether the requested documents do not exist. *See Fergin v. Westrock Co.*, No. 8:16-CV-26, 2017 WL 5990129, at *4 (D. Neb. Dec. 1, 2017) (requiring the responding party to provide more complete responses after it answered requests for production with "subject to" and "without

waiving" language), *objections overruled*, No. 8:16-CV-26, 2018 WL 3997117 (D. Neb. Mar. 9, 2018). To the extent Wheeler does have possession, custody, or control over the materials, he must turn them over because he has waived his relevancy objections as outlined above.

### B.  Requests for Admission

Additionally, Bevill asks the Court to deem that Wheeler admitted to certain requests for admission. Bevill argues that Wheeler's relevancy objections to requests for admission numbered 6–7 and 38–55 (individually, "RFA," and collectively, "RFAs") were improper because the RFAs seek relevant information (Dkt. #123 at pp. 7–8). Given these purportedly improper responses, he requests the Court to overrule the objections and deem the RFAs admitted (Dkt. #123 at p. 8).

Bevill categorizes the RFAs as seeking admissions relating to (1) ex parte communications; (2) complaints received, and reports made, about unlawful conduct and abuse of office by Wheeler's co-defendants and co-conspirations in this case; and (3) the Texas Rangers' investigation (Dkt. #123 at pp. 7–8). To each of the RFAs, Wheeler responded: "Defendant objects to this Request because the content of the Request is not relevant to any party's claim or defense and is not necessary to resolve the issues currently pending in this case" (Dkt. #123, Exhibit 2 at pp. 5–6, 10–13). Although the Court agrees that Wheeler's objections were lacking, it will not deem the matters admitted at this time. Rather, the Court orders Wheeler to serve supplemental responses to the RFAs.

At the outset, the Court notes it will construe Bevill's request as a motion to determine the sufficiency of Wheeler's objections. Federal Rule of Civil Procedure 36 governs requests for admission. FED. R. CIV. P. 36. After being served with a request, the Rule allows responding parties to object. *Id.* 36(a)(3). If the requesting party believes an objection is unjustified, then the party should move the Court to determine the sufficiency of the objection. *See id.* 36(a)(6). Thus, while Bevill styles his request as a "Motion to Deem Admissions," that is technically not the proper

procedural vehicle under Rule 36. *See id.* Bevill should have filed a motion to determine the sufficiency of Wheeler's objections. However, because Bevill's motion asks the Court to overrule Wheeler's objections and deem the requests admitted pursuant to Rule 36, the Court will exercise its discretion and treat Bevill's motion as one to determine the sufficiency of objections. *See Khaliel v. Norton Healthcare, Inc. Ret. Plan*, No. 3:08-CV-69-C, 2012 WL 6554714, at \*7 (W.D. Ky. Nov. 20, 2012) (construing motion to compel as a motion to determine sufficiency of objections under Rule 36(a)(6)); *Pilkinton v. Hartsfield*, No. 1:12-CV-0026, 2013 WL 1935467, at \*2 n. 2 (M.D. Tenn. May 9, 2013) (treating plaintiff's response to motion to withdraw admission as a motion to determine sufficiency of responding party's answers).

Turning to the sufficiency of Wheeler's objections, the Court finds that they are deficient. Under Rule 36, a responding party may object to a request for admission but must state the grounds for doing so. FED. R. CIV. P. 36(a)(3). Moreover, while Rule 36's plain language does not require a responding party to state objections specifically, courts within the Fifth Circuit consistently prohibit parties from providing nonspecific, boilerplate objections to requests for admission. *See Keycorp*, 2016 WL 6277813, at \*14; *Adams v. Eagle, Inc.*, No. CV 21-00694, 2022 WL 1460365, at \*3 (E.D. La. Mar. 22, 2022); *Henson v. Gen. Motors, LLC*, No. 3:14-CV-811-L, 2014 WL 11515721, at \*1 (N.D. Tex. Dec. 22, 2014); *Hopkins v. Green Dot Corp.*, No. CV-SA-16-CA-00365-DAE, 2016 WL 8673861, at \*10 (W.D. Tex. Aug. 16, 2016). Other federal courts agree that Rule 36 does not tolerate general, nondescriptive objections to requests for admission. *E.g.*, *Hawthorne v. Bennington*, No. 3:16-CV-00235-RCJ-CLB, 2020 WL 3884426, at \*2 (D. Nev. July 8, 2020); *Quan v. TAB GHA F&B, Inc.*, No. TDC-18-3397, 2020 WL 9349573, at \*4 (D. Md. Nov. 25, 2020); *Old Reliable Wholesale, Inc. v. Cornell Corp.*, No. 5:06-CV-02389-DDD, 2008 WL 2323777, at \*1 (N.D. Ohio June 4, 2008); *Singleton v. Arkansas Hous. Authorities Prop. & Cas.*

*Self-Insured Fund, Inc.*, No. 4:15-CV-205-KGB, 2017 WL 11568368, at \*2–3 (E.D. Ark. Mar. 31, 2017).

Much like he did with the RFPs, Wheeler provided identical relevancy objections to the RFAs with nonspecific language that the requests were irrelevant. *See* (Dkt. #123, Exhibit 2 at pp. 5–6, 10–13). In fact, each of his responses contain the same boilerplate language that the request was not relevant to any claim or defense and was unnecessary to decide the pending case. *See* (Dkt. #123, Exhibit 2 at pp. 5–6, 10–13) ("Defendant objects to this Request because the content of the Request is not relevant to any party's claim or defense and is not necessary to resolve the issues currently pending in this case."). These general, boilerplate objections lack any specificity on how the RFAs were irrelevant. Moreover, while each RFA sought different information, Wheeler did not detail a single reason for why the request was irrelevant to the current case. Therefore, the Court finds that Wheeler's objections lack the sufficient specificity required in responding to requests for admission. *See Henson*, 2014 WL 11515721, at \*2. Wheeler articulates why the relevancy objections apply in his response to the motion to compel, yet he did not provide these reasons in his responses to the requests for admission. *See id.* Accordingly, given his nonspecific objections, his objections were unjustified. *See id.*

That said, the Court believes it is inappropriate to grant Bevill's requested form of relief and deem the RFAs admitted. Rule 36 provides that "[u]nless the court finds an objection justified, it must order that an answer be served." FED. R. CIV. P. 36(a)(6). The Rule then goes on to state that, "On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." *Id.* Therefore, the Court can only order that a matter is admitted to *after* finding *an answer* does not comply with the Rule. *Id.*; *see also W.L. Doggett LLC v. Paychex, Inc.*, No. 4:14-CV-00506, 2014 WL 12599405, at \*3 (S.D. Tex.

Dec. 12, 2014) ("If the court finds the objection is not justified, the court then must order an answer . . . Only after a finding the answer is insufficient may a court deem matters admitted.") (citations omitted). Here, Bevill's requested relief is premature. While Wheeler's objections were unsatisfactory, the Court must give him an opportunity to answer the RFAs before deeming them admitted.

Accordingly, the Court orders Wheeler to provide supplemental answers that either admit or deny the matters in the RFAs. *See Keycorp*, 2016 WL 6277813, at *14.

## II.    Defendant Wood County

In his motion, Bevill also seeks relief related to Wood County's responses during discovery. Bevill asks the Court (1) to compel the production of insurance agreements that are required as initial disclosures under Rule 26(a)(1)(A)(iv) and (2) to deem that Wood County admitted to several requests for admission because it improperly objected on relevancy grounds. However, both requests are denied as moot.

### i.    Production of insurance agreements

Bevill originally claimed that Wood County did not meet the initial disclosure requirement under Federal Rule of Civil Procedure 26(a)(1)(A)(iv) because it did not provide copies of any insurance agreements showing that a business may be liable to satisfy a possible judgement or otherwise indemnify or reimburse any payments made pursuant to a possible judgment. *See* FED. R. CIV. P. 26(a)(1)(A)(iv). Thus, he sought a motion to compel disclosure of such insurance agreements (Dkt. #123 at pp. 9–10). Following the motion to compel, Wood County provided Bevill with all of the necessary documents required by Rule 26(a)(1)(A)(iv) (Dkt. #131 at pp. 2– 3; Dkt. #134 at p. 4). Bevill does not argue that these subsequent disclosures were deficient and concedes that Wood County "produced [the documents] required by Rule 26(a)(1)(A)(iv) . . ." (Dkt. #134 at p. 4). Therefore, Bevill's motion to compel is denied as moot.

17

### ii.   Requests for admission

Bevill also posits that the Court should rule Wood County admitted to certain requests for admission because it improperly objected on relevancy grounds. In response to Bevill's current motion, Wood County stated that it provided supplemental responses to Bevill's requests for admission, so Bevill's motion is now moot (Dkt. #131 at p. 4). Bevill acknowledges that Wood County provided supplemental responses, but that notwithstanding, he still asks the Court to overrule the original objections and deem the requests admitted (Dkt. #134 at p. 4).

The Court refuses to deem these matters admitted for two reasons. As the Court discussed above, Bevill cannot seek to have the requests admitted simply because Wood County's original objections were improper. *See* FED. R. CIV. P. 36(a)(6). Thus, the Court could not provide Bevill with the relief he wants in any event. *See id.* Additionally, Wood County's supplemental responses moot any relief Bevill would otherwise be entitled to. Even if the Court found the original objections were insufficient under Rule 36, the Court could only require that Wood County provide an answer to the requests for admission. *See id.* Wood County already did this by supplementing its responses to the requests for admission (Dkt. #131 at p. 4). Importantly, Bevill does not contend that the supplemental responses were insufficient or otherwise improper under Rule 36. *See* (Dkt. #134 at pp. 4–5). Thus, even assuming the original objections were improper, it appears Bevill already received the relief he was entitled to under the Rule—a compliant answer. *See* FED. R. CIV. P. 36(a)(6). Therefore, his motion is now moot. *See Lodge v. Doe*, No. CV 11-1257, 2012 WL 12990523, at *2 (E.D. La. Aug. 3, 2012) (determining the defendant's supplemental responses mooted the plaintiff's motion to deem requests admitted since plaintiff did not to object to the supplemental responses).

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Compel Discovery and Deem Admissions (Dkt. #123) is hereby **GRANTED in part** and **DENIED in part.**

Within fourteen (14) days of this Order, Wheeler must provide detailed responses to requests for production numbered 1–7, 20–23, 25–26, 28–29, 37, 39–40, and 44–45 explaining whether the documents exist or whether he does not have possession, custody, or control of the documents. To the extent that Wheeler has responsive documents, he must turn them over because he waived his objections.

Within fourteen (14) days of this Order, Wheeler is also ordered to provide supplemental answers to Bevill's requests for admission numbered 6–7 and 38–55 in accordance with this Order.

Bevill's motion to compel Defendant Wood County to produce insurance agreements required by Rule 26 and to deem certain matters admitted to by Wood County is **DENIED as moot**.

**IT IS SO ORDERED.**

**SIGNED this 24th day of October, 2022.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

19