# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| TERRY BEVILL, | § | |
| | § | |
| *Plaintiff,* | § | Civil Action No. 4:19-cv-00406 |
| v. | § | Judge Mazzant |
| | § | |
| CITY OF QUITMAN, TEXAS et al., | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Emergency Motion by Plaintiff to Certify Defendants' Interlocutory Appeal as Frivolous, and to Retain Concurrent Jurisdiction (Dkt. #248) and Emergency Joint Motion of Defendants Wood County, Texas, and City of Quitman, Texas to Stay the Trial of This Case Pending Interlocutory Appeals of Immunity Issues (Dkt. #254).  Having considered the motions, the Court finds that Emergency Motion by Plaintiff to Certify Defendants' Interlocutory Appeal as Frivolous, and to Retain Concurrent Jurisdiction (Dkt. #248) should be **GRANTED in part** and Emergency Joint Motion of Defendants Wood County, Texas, and City of Quitman, Texas to Stay the Trial of This Case Pending Interlocutory Appeals of Immunity Issues (Dkt. #254) should be **DENIED**.

## BACKGROUND

The full facts of this case have been fully set forth in the Court's recent Memorandum Opinion and Order denying Defendants' motions for summary judgment (Dkt. #245).  Briefly, Plaintiff Terry Bevill ("Bevill") sued Defendants in 2019 on multiple claims under 42 U.S.C. § 1983.  Bevill specifically alleged that Tom Castloo ("Castloo"), Jim Wheeler ("Wheeler), Jeff Fletcher ("Fletcher"), David Dobbs ("Dobbs"), and the City of Quitman, Texas conspired to commit First Amendment retaliation against him.  Bevill also alleged a claim of First Amendment

retaliation against Dobbs and the City of Quitman directly, and a claim against Wood County, Texas for having a policy in place that allowed for First Amendment retaliation.

Castloo, Wheeler, and Fletcher filed a motion to dismiss, raising the defense of qualified immunity and arguing that Bevill failed to allege sufficient facts supporting a conspiracy.[1]  *Bevill v. City of Quitman, Tex.*, No. 4:19-CV-406, 2020 WL 1065430, at *4 (E.D. Tex. Mar. 5, 2020). The Court denied their motions.  *Id.* at *10.  Thereafter, the relevant defendants appealed, and the Fifth Circuit affirmed.  *Bevill v. Fletcher*, 26 F.4th 270, 284 (5th Cir. 2022).  As a preliminary matter, the Fifth Circuit concluded that Bevill adequately pleaded facts demonstrating the violation of his constitutional rights, and that his rights were clearly established; therefore, Castloo, Wheeler, and Fletcher were not entitled to qualified immunity.  *Id.* at 275–283.  Furthermore, the Fifth Circuit determined that Bevill sufficiently pleaded facts in support of a conspiracy claim.  *Id.* at 284.

From there, the parties proceed through discovery and completed it.  On December 20, 2022, Defendants (except the City of Quitman) filed motions for summary judgment.  Castloo, Fletcher, Dobbs, and Wheeler raised the defense of qualified immunity, and Wheeler alone asserted the defense of prosecutorial immunity.  While the motions were pending, on April 28, 2023, Fletcher filed a motion for continuance for two reasons: (1) to go on a vacation he had already planned a year ago and (2) provide counsel his new opportunity to familiarize himself with the case (Dkt. #197).  The Court denied the motion.

On May 23, 2023, after weeks of the parties preparing for trial, the Court held the parties' pretrial conference.  It informed the parties that it would rule on the Defendants' motions for summary judgment before trial began on June 5, 2023.  On May 26, 2023, Defendants filed a

[1] Neither Dobbs nor the City of Quitman filed a motion to dismiss.

2

motion for continuance, or alternatively, for expedited consideration of their motions for summary judgment (Dkt. #233).  The Court denied the request on May 30, 2023.

On June 1, 2023, the Court issued its order on the motions for summary judgment, denying the motions in full.  As to the individual Defendants, the Court found there was a genuine dispute of material fact whether they engaged in a conspiracy to fire Bevill because of his exercise of his First Amendment rights, and therefore, they were not entitled to qualified immunity.  Dobbs, Castloo, Fletcher, and Wheeler subsequently filed notices of appeal.  Bevill then filed the pending motion, requesting the Court to retain jurisdiction of the case and to certify the notices of appeal as frivolous.  Defendants responded on June 2, 2023, and they claim that Bevill's motion should be denied because they seek to appeal specific legal questions, such as (1) whether Bevill's speech was constitutionally protected as a matter of public concern or under the *Pickering* balancing test, (2) whether the Court applied the correct legal framework in conducting its qualified immunity analysis, (3) whether Wheeler is entitled to absolute immunity .

In addition to the above, Wood County and the City of Quitman filed an emergency motion that asks the Court to stay the current trial date because the Fifth Circuit may find that no constitutional right was deprived on interlocutory appeal.

## LEGAL STANDARD

"Immunity, whether qualified or absolute, is an entitlement to be free from the burdens of time-consuming pre-trial matters and the trial process itself."  *Williams v. Brooks*, 996 F.2d 728, 730 n.2 (5th Cir. 1993).  That immunity is "effectively lost if a case is erroneously permitted to proceed at the district court while an interlocutory appeal of a denial of immunity is pending."  *Id.* (internal quotation marks omitted) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).  Therefore, while the denial of a summary judgment motion is typically not a final decision subject

to appeal, decisions denying the assertion of official or qualified immunity are appealable under the collateral order doctrine. *Williams v. City of Yazoo, Miss.*, 41 F.4th 416, 421 (5th Cir. 2022); *Hous. Cmty. Hosp. v. Blue Cross & Blue Shield of Tex., Inc.*, 481 F.3d 265, 268–69 (5th Cir. 2007). Once a party files a non-frivolous notice of interlocutory appeal with respect to a summary judgment order denying immunity, the district court is divested of its jurisdiction. *Brooks*, 996 F.2d at 730.

However, not every notice of appeal divests the district court of jurisdiction. Indeed, a district court may maintain jurisdiction over an interlocutory appeal of an immunity denial if the court certifies that the appeal is frivolous or dilatory. *BancPass, Inc. v. Highway Toll Admin., L.L.C.*, 863 F.3d 391, 400 (5th Cir. 2017). This power much be used with "restraint," and a court must make express findings, in writing, concerning the appeal's frivolous or dilatory nature. *Id.*

## ANALYSIS

### I.    Plaintiff's Motion / Notice of Appeals of Wheeler, Fletcher, Dobbs, and Castloo

The Court starts with the notice of appeals filed by Wheeler, Fletcher, Dobbs, and Castloo. For the most part, the Court agrees with Bevill. The appeals taken here by Fletcher, Dobbs, and Castloo are frivolous or dilatory, and therefore, the Court will certify them as such. As a result, it will maintain jurisdiction in this case over most of Defendants. *See id.* But the Court stops short with Wheeler, and it will not certify his appeal as frivolous or dilatory.

As for Dobbs, Fletcher, and Castloo, the Court arrives at this conclusion for one main reason. The Fifth Circuit will lack interlocutory jurisdiction over the appeals Dobbs, Fletcher, and Castloo filed, and any appeals on questions of law have already been decided by the Fifth Circuit *in this very case*.

For background, the Fifth Circuit's review of an order denying a motion for summary judgment on the grounds of qualified immunity is limited. "Under the collateral order

4

doctrine . . . a district court's order denying qualified immunity, to the extent that it turns on an 'issue of law' is immediately appealable, as it is distinct from the merits of the case." *Gobert v. Caldwell*, 463 F.3d 339, 344 (5th Cir. 2006) (cleaned up) (citations omitted).  Accordingly, if a district court's decision to deny qualified immunity is based on a claim regarding the sufficiency of the evidence, it is not appealable.  *Id.* (citations omitted).  Put another way, if the district court concludes "that the summary judgment record raises a genuine issue of material fact with respect to whether qualified immunity is applicable, then that decision is not immediately appealable." *Id.* (cleaned up) (citations omitted).  The Fifth Circuit can only consider if "the district court erred in assessing the legal significance of the conduct that the district court deemed sufficiently supported for purposes of summary judgment." *Id.* (citation omitted).  As explained in *Kinney v. Weaver*:

> First, the district court decides that a certain course of conduct would, as a matter of law, be objectively unreasonable in light of clearly established law. Second, the court decides that a genuine issue of fact exists regarding whether the defendant(s) did, in fact, engage in such conduct.  According to the Supreme Court, as well as our own precedents, we lack jurisdiction to review conclusions of the *second* type on interlocutory appeal.

367 F.3d 337, 346 (5th Cir. 2004) (en banc).

With that in mind, the Fifth Circuit's decision in this case from just one year ago comes into focus.  The Fifth Circuit found that Fletcher, Wheeler, and Castloo were not entitled to qualified immunity because Bevill's constitutional rights were violated; and Bevill's First Amendment right at issue was clearly established at the time it was infringed.  *Bevill*, 26 F.4th at 275–84.  Specifically, as to the second element, the Fifth Circuit held that "a governmental official, [who is] not a supervisor/coworker of the plaintiff, can be held liable for First Amendment retaliation under § 1983 for influencing the plaintiff's employer to terminate the plaintiff's employment." *Id.* at 280.  Because, Fletcher, Wheeler, and Castloo were not entitled to qualified

5

immunity on the underlying First Amendment claim, the Fifth Circuit then determined that sufficient facts existed that implicated Wheeler, Castloo, and Fletcher in a conspiracy to cause Bevill to be terminated.  *Id.* at 283–84.

Here, in deciding the motions for summary judgment, the Court held there was a constitutional violation assuming that Dobbs, Wheeler, Fletcher, and Castloo, conspired to terminate Bevill, which would be a violation of clearly established law.  The Court noted that there was genuine dispute of material fact as to whether that conspiracy occurred, but if it did, that would be in violation of clearly established law because—as the Fifth Circuit decided earlier in this case—Bevill's First Amendment right was clearly established that "a governmental official, [who is] not a supervisor/coworker of the plaintiff, can be held liable for First Amendment retaliation under § 1983 for influencing the plaintiff's employer to terminate the plaintiff's employment." *Id.* at 280.  On appeal, the Fifth Circuit will not be able to determine whether sufficient evidence of a conspiracy existed—it will only determine whether a conspiracy to terminate Bevill would be a violation of Bevill's clearly established First Amendment right.  *See Gobert*, 463 F.3d at 344.  And, as the Fifth Circuit concluded earlier in this case, that right was clearly established when Bevill was terminated.  *See Bevill*, 26 F.4th at 275.

Which takes us to the current notices of appeal.  Dobbs, Castloo, and Fletcher merely say that a qualified immunity appeal divests this Court of jurisdiction because there are certain legal principles embedded in the Court's determination over whether a violation of a constitutional right occurred.  The Court acknowledges that fact, but Defendants neglect to point out that their liability necessarily turns on a genuine dispute of material fact—whether they were involved in a conspiracy to terminate Bevill whatsoever.  The Court already determined that there is genuine dispute of material fact that a conspiracy existed, and so, they are not entitled to qualified immunity

at this time.  The same goes for Dobbs personally and whether he directly retaliated against Bevill for exercising his First Amendment right as well.  While certain legal principles may be embedded in that determination, that does change that the Fifth Circuit's analysis will necessarily be incomplete as to Dobbs, Fletcher, and Castloo.  *See Kinney*, 367 F.3d at 346 n.8 (quoting *Johnson v. Jones*, 515 U.S. 304, 317–18 (1995)) ("Since we lack jurisdiction to review a denial of summary judgment based on the district court's conclusion that fact questions exist regarding whether the defendants engaged in conduct that would violate clearly established law, officials may sometimes be required to proceed to trial even though the ultimate resolution of those factual disputes may show that they are entitled to qualified immunity from liability.  The Supreme Court recognizes that this 'threatens to undercut' the policy of affording immunity from trial, but the Court has said that 'countervailing considerations' nonetheless support this limitation on interlocutory jurisdiction.").  To the extent that these Defendants would argue that their participation, even if true, cannot be a constitutional violation, the Fifth Circuit has already determined that legal question.  Therefore, the Court will certify Dobbs, Fletcher, and Castloo's appeals as frivolous. *See Ramirez v. Abreo*, No. 5:09-CV-189-C, 2011 WL 13233420, at *5 (N.D. Tex. June 15, 2011) ("This finding of a factual dispute, even in an immunity context, precludes interlocutory appeal . . . Therefore, the Court finds that Defendant Abreo's notice of appeal with regard to the Court's denial of his motion for summary judgment based on qualified immunity and Defendant Yarbrough's notice of appeal with regard to the Court's denial of his motion for summary judgment based on qualified and absolute immunity are frivolous.").

But Wheeler's appeal is more embedded in a question of law.  Accordingly, the Court will not certify his appeal as frivolous.  In denying his motion for summary judgment, the Court held that Wheeler was not entitled to prosecutorial immunity for his role in an alleged conspiracy to

fire Bevill.  Specifically, if Bevill is correct that Wheeler's threat to not take cases was part of the conspiracy to terminate him, then the Fifth Circuit would be able to review whether that conduct entitles him to absolute immunity.  Though the Court firmly believes its ruling was correct on this ground, the Court agrees with Wheeler this is a purely legal issue on appeal.  It cannot consider Wheeler's appeal so "frivolous" to warrant denying him the opportunity to appeal the Court's decision to the Fifth Circuit.  Namely, the Court's decision on the issue necessarily involved a pure question of law, which the Fifth Circuit has not already decided.  Therefore, the Court will not certify his appeal as frivolous.

## II.    Emergency Motion by Wood County and City of Quitman

Shifting course, the Court also finds that Wood County and the City of Quitman's motion should be denied.  The Court is not certifying the appeals of certain policymakers in Wood County or the City of Quitman.  As such, Defendants' motion is unconvincing at this time.

### CONCLUSION

It is therefore **ORDERED** that Emergency Motion by Plaintiff to Certify Defendants' Interlocutory Appeal as Frivolous, and to Retain Concurrent Jurisdiction (Dkt. #248) is hereby **GRANTED in part**.  The Court shall certify Defendants Dobbs, Castloo, and Fletcher's Notice of Appeals as **FRIVOLOUS.**

It is further **ORDERED** that Emergency Joint Motion of Defendants Wood County, Texas, and City of Quitman, Texas to Stay the Trial of This Case Pending Interlocutory Appeals of Immunity Issues (Dkt. #254) is hereby **DENIED**.

Defendants Dobbs, Fletcher, Castloo, Wood County, Texas, and the City of Quitman, Texas shall be prepared to go to trial on Monday, June 5, 2023.

**IT IS SO ORDERED.**

   **SIGNED this the 2nd day of June, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE