IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TERRY BEVILL, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19cv406 |
| | § | |
| CITY OF QUITMAN, TEXAS; | § | JURY DEMANDED |
| TOM CASTLOO, Wood County Sheriff; | § | |
| DAVID DOBBS, City of Quitman Mayor; | § | |
| JAMES "JIM" WHEELER, Former Wood | § | |
| County District Attorney; | § | |
| JEFFREY FLETCHER, and | § | |
| WOOD COUNTY, TEXAS, | § | |
| *Defendants.* | § | |

## DEFENDANTS TOM CASTLOO AND WOOD COUNTY, TEXAS' OPPOSED MOTION FOR CONTINUANCE

**TO THE HONORABLE AMOS L. MAZZANT, III:**

COME NOW, Defendants, Tom Castloo and Wood County, Texas ("Defendants") and file this Opposed Motion for Continuance, and would respectfully show unto the Court as follows:

1. As the Court is aware, the Fifth Circuit's Mandate in this case was issued on August 8, 2024. On August 19, 2024, this Honorable Court issued an Order setting Jury Selection and Trial for September 9, 2024.

2. On the date this Honorable Court's Notice of Setting was posted on ECF (August 19, 2024), the undersigned Counsel realized that there was a conflict between the trial setting in the instant case and a previous trial setting in *Harper v. McAndrews*, et al., 2:18-cv-00520, which is pending in the Eastern District of Texas, Marshall Division. On that date, Counsel contacted both Courts to request how each Court should be informed

of the conflict. Judge Mazzant's Staff suggested that Counsel speak with, and then e-mail, Judge Mazzant's Judicial Assistant Terri Scott. As directed, the undersigned Counsel sent Ms. Scott the following e-mail:

> Dear Ms. Scott –
>
> Today, I received the "Court's Notice of Setting" in the case of Bevill v. City of Quitman, et al., 4:19cv406. The Court set the case for September 9, 2024 at 10 a.m. I am also set in the attached case in Federal Court in the Eastern District of Texas, Marshall Division starting on September 13, 2024. I am available for trial the week of September 23 or September 30, 2024. I am Lead Counsel for my clients in both cases. In the Bevill case in Judge Mazzant's Court, I represent Sheriff Castillo and Wood County.
>
> Please let me know how to best resolve this conflict without inconveniencing either Court.
>
> Very truly yours;
>
> Robert S. Davis

Ms. Scott, who was exceptionally polite and professional, promptly responded as follows the next morning: "Judge Mazzant is planning on proceeding with this trial as scheduled. Thank you."

3. Judge Payne's staff was likewise exceptionally polite and professional when the undersigned contacted them, and they suggested that Counsel file a Notice with the Court informing Judge Payne of the conflicting settings, which the undersigned also did on August 19, 2024. *See Harper v. McAndrews*, et al., 2:18-cv-00520, Dkt. # 211, pg. 1.

4. Judge Payne also very promptly issued an Order directing Counsel as follows:

> On August 19, 2024, counsel for Defendants, notified the Court of a conflicting trial setting ordered that day by another court in this district and requested instruction on how to proceed. The Court **directs** counsel to request relief from the more recent of the two settings and notify this Court of the resolution thereof.

*Harper v. Jeff McAndrews, et al.*, 2:18-cv-00520-RSP, Dkt. No. 212, pg. 1.  In compliance with Judge Payne's Order, Counsel for Defendants Tom Castloo and Wood County is requesting relief from the more recent of the two settings from this Honorable Court.  Although the undersigned Counsel believes that this Honorable Court has already determined that it's trial setting would not be continued, Counsel wants to follow all directions from both Courts and not offend either Court in any manner.  Additionally, it should also be noted that Judge Payne did not know about this Honorable Court's e-mail response sent from Ms. Scott in Judge Mazzant's Court that was received at 8:51 a.m. on August 20, 2024 stating that "Judge Mazzant is planning on proceeding with this trial as scheduled. Thank you."  The Notice that was filed with Judge Payne in the Marshall Division was filed the previous day at 4:58 p.m.  The undersigned states this only to emphasize that Judge Payne certainly meant no disrespect to Judge Mazzant in the Order that Judge Payne issued.  Judge Payne had no way of knowing about the August 20, 2024 e-mail from Ms. Scott.

5.      In an attempt to comply with the directives from both Courts, Counsel for Defendants Castloo and Wood County request that the Court move the current trial setting from September 9, 2024 to a date after September 20, 2024. Counsel for Defendants are available for trial on September 23, 2024, October 21 or 28, 2024, November 18 or 25, 2024 and December 2, 9 and 16, 2024 and any other dates during those weeks.

6.      Lead counsel Robert Davis is the only attorney specializing in trial practice that has been involved in this case for Tom Castloo and Wood County.  As with most firms that practice in Governmental Entity Defense, the attorneys in the firm that practice in this area of the law are small in number, and Robert Davis is the only attorney at Flowers-Davis who

specializes in trial practice in that area of the law that is available to try this case on September 9, 2024. Robin H. O'Donoghue, the other Counsel involved in this case for Defendants Tom Castloo and Wood County, do not specialize as a trial attorney, and her role is primarily focused on the legal briefing at the trial and appellate court levels. This case involves numerous witnesses, is factually and legally complex, and, even if Flowers-Davis had another available trial attorney, there are no other attorneys at Flowers-Davis, PLLC who could possibly get up to speed in this case in time for trial.

7. Counsel apologizes for the fact that this conflict in settings has occurred and will follow the Courts' direction in attempting to resolve this issue. Counsel also apologizes for having to seek instruction on how to best handle this issue. The only time that the undersigned counsel has dealt with a conflict between two Federal District Courts in the same District was years ago, when some of the Federal Courts in the Eastern District had monthly dockets with multiple cases set for jury selection on the same day, and the cases were then set to start trial at some point during the month. Back then, in the early 1990s, the Eastern District was smaller, there were fewer Judges on the bench, and the Judges would confer and tell Counsel when each case would actually proceed to trial if there was a conflict.

8. Based on the foregoing, Defendants Tom Castloo and Wood County respectfully request a continuance of the trial in the case at bar until the Court's next available date. This request for a continuance is not made lightly. Counsel for Defendants is aware of the Court's busy docket and does not wish to inconvenience either Court in any way. Moving the trial date of one of the cases up or out for ten days would free Counsel up to try both cases, and that is all Defendants are requesting.

## CONCLUSION

For the foregoing reason, Defendants respectfully requests that trial be continued until the Court's next available date.

Respectfully submitted,

**FLOWERS DAVIS, P.L.L.C.**
1021 ESE Loop 323, Suite 200
Tyler, Texas 75701
(903) 534-8063
(903) 534-1650 Facsimile

_____
**ROBERT S. DAVIS**
State Bar No. 05544200
rsd@flowersdavis.com

**ATTORNEYS FOR DEFENDANTS
TOM CASTLOO AND WOOD COUNTY**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing instrument was served upon all counsel of record in the above entitled and numbered cause on August 21, 2024, in the following manner:

  X    Via ECF

_____
**Robert S. Davis**

**Defendants' Motion for Continuance**          <span style="float: right;">**Page 5 of  6**</span>

## CERTIFICATE OF CONFERENCE

I hereby certify that I have complied with the meet and confer requirement in Local Rule CV-7(h). Specifically, I certify that on August 21, 2024, Robin O'Donoghue conferred by telephone with counsel for Plaintiff, Laura Geisler, who informed her that Plaintiff does not agree to a continuance or rescheduling of the trial setting in this matter. I further certify that on August 21, 2024, Robin O'Donoghue communicated with counsel for the other Defendants in this case, who informed her that they are unopposed to a continuance.

*[signature]*
**Robert S. Davis**