# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| TERRY BEVILL, | § | |
| | § | |
| *Plaintiff*, | § | Civil Action No. 4:19-cv-00406 |
| v. | § | Judge Mazzant |
| | § | |
| CITY OF QUITMAN, TEXAS et al. | § | |
| | § | |
| *Defendants.* | § | |

## VERDICT FORM

We, the Jury, find as follows:

### CAUSE OF ACTION ONE – FIRST AMENDMENT RETALIATORY EMPLOYMENT TERMINATION

#### Defendant David Dobbs

**Question No. 1**

Do you find that Plaintiff Terry Bevill has proven by a preponderance of the evidence that his speech, which the Court has already determined is protected under the First Amendment, motivated Defendant David Dobbs's decision to terminate him from the Quitman Police Department?

Answer "Yes" or "No":

_____Yes_____

After answering this question, please proceed to Question No. 2.

### CAUSE OF ACTION THREE – CONSPIRACY TO COMMIT FIRST AMENDMENT RETALIATORY TERMINATION

**Question No. 2**

Do you find that Plaintiff Terry Bevill has proven by a preponderance of the evidence that two or more of any of the following defendants participated in a conspiracy to terminate Plaintiff Terry Bevill in retaliation for exercising his First Amendment free-speech right?

Answer "Yes" or "No" for each of the following defendants:

Tom Castloo: _Yes_

James Wheeler: _Yes_

Jeffrey Fletcher: _Yes_

David Dobbs: _Yes_

City of Quitman: _Yes_

After answering this question, please proceed to Question No. 3.

## CAUSE OF ACTION TWO – MUNICIPAL LIABILITY

### Defendant City of Quitman

**Question No. 3**

Do you find that Plaintiff Terry Bevill has proven by a preponderance of the evidence that the City of Quitman maintained a policy, custom, or practice that was the moving force leading to the decision to terminate Plaintiff Terry Bevill in retaliation for exercising his First Amendment free-speech right?

Answer "Yes" or "No":

_Yes_

After answering this question, please proceed to Question No. 4.

## CAUSE OF ACTION FOUR – UNCONSTITUTIONAL POLICY

### Defendant Wood County

**Question No. 4**

Do you find that Plaintiff Terry Bevill has proven by a preponderance of the evidence that Wood County maintained a policy, custom, or practice of retaliation, intimidation, or oppression, in contravention of the First Amendment that was the moving force leading to the decision to terminate Plaintiff Terry Bevill in retaliation for exercising his First Amendment free-speech right?

Answer "Yes" or "No":

_No_

Answer Question No. 5 only if you answered "Yes" to Question No. 1, or Question No. 2 (for two or more defendants), or Question No. 3, or Question No. 4. If you answered "No" to all those questions, please proceed to the signature line.

## COMPENSATORY DAMAGES

**Question No. 5**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Plaintiff Terry Bevill for the damages, if any, that resulted from Plaintiff Terry Bevill's termination from the City of Quitman Police Department?

Answer in dollars and cents for the following items and none other:

a.  Impairment of reputation in the past

$ 5,000,000

b.  Impairment of reputation in the future

$ 1,000,000

c.  Personal humiliation in the past

$ 5,000,000

d.  Personal humiliation in the future

$ 1,000,000

e.  Mental anguish and suffering in the past

$ 5,000,000

f.  Mental anguish and suffering in the future

$ 1,000,000

After answering this question, please proceed to the Punitive Damages Section below.

## PUNITIVE DAMAGES

Answer Question No. 6 only if you answered "Yes" to any of the following defendants in Question No. 2. Otherwise, please proceed to the signature line.

**Question No. 6**

Do you find by a preponderance of the evidence that the damages caused by any of the following defendants against Plaintiff Terry Bevill resulted from malice or reckless indifference?

Answer "Yes" or "No" for each of the following defendants:

| | |
|---|---|
| Tom Castloo: | Yes |
| James Wheeler: | Yes |
| Jeffrey Fletcher: | Yes |
| David Dobbs: | Yes |

**If you answered "Yes" to Question No. 6, please answer Question No. 7. Otherwise, please proceed to the signature line.**

**Question No. 7**

What sum of money, if any, if paid now in cash, should be assessed against the defendants listed below and be awarded to Plaintiff Terry Bevill as punitive damages, if any, for the conduct found in response to Question No. 6?

Answer in dollars and cents, if any, for each defendant for whom you answered "Yes" in Question No. 6:

| | |
|---|---|
| Tom Castloo: | $ 750,000 |
| James Wheeler: | $ 1,000,000 |
| Jeffrey Fletcher: | $ 1,500,000 |
| David Dobbs: | $ 100,000 |

**After answering this question, please proceed to the signature line.**

Date: 9/19/2024         Presiding Juror:

4