# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| TERRY BEVILL, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | |
| | § | |
| CITY OF QUITMAN, TEXAS; CITY OF | § | |
| QUITMAN POLICE DEPARTMENT; | § | Civil Action No. 4:19-cv-406 |
| TOM CASTLOO, Wood County Sheriff; | § | Judge Mazzant |
| DAVID DOBBS, City of Quitman Mayor; | § | |
| JAMES "JIM" WHEELER, Former Wood | § | |
| County District Attorney; JEFFREY | § | |
| FLETCHER; and WOOD COUNTY, | § | |
| TEXAS, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Terry Bevill's Motion to Compel Post-Judgment Discovery in Aid of Judgment (the "Motion") (Dkt. #380). Having considered the Motion, the relevant pleadings, and the applicable law, the Court finds the Motion should be **GRANTED**.

## BACKGROUND

On February 28, 2025, Plaintiff served Defendants David Dobbs ("Dobbs"); James "Jim" Wheeler ("Wheeler"); Jeffrey Fletcher ("Fletcher"); and Tom Castloo ("Castloo") (collectively, "Defendants") with Post-Judgment Requests for Production in Aid of Judgment and Interrogatories in Aid of Judgment (Dkt. #380-1; Dkt. #380-2; Dkt. #380-3; Dkt. #380-4). On August 11, 2025, the Court denied Defendants' Motions for Judgment as a Matter of Law, and Alternatively, Motion for New Trial (Dkt. #372). That same day, the Court also denied Defendant's Motion to Stay Discovery in Aid of Judgment (Dkt. #373). On August 27, 2025, the Court entered its Amended Final Judgment awarding $21.35 million in damages, $1,342,144.00 in attorneys' fees,

$14,879.06 in costs, and pre- and post-judgment interest against Defendants—who are all jointly and severally liable (Dkt. #375).

On September 17, 2025, Plaintiff filed this Motion outlining the deficiencies in the Defendants' responses to Plaintiff's post-judgment discovery requests (Dkt. #380). The parties have filed multiple briefs on the issues raised in the Motion (Dkt. #397; Dkt. #399; Dkt. #400; Dkt. #401; Dkt. #404; Dkt. #405; Dkt. #406; Dkt. #407; Dkt. #409; Dkt. #410; Dkt. #411). On November 4, 2025, the Court entered an order granting the Motion in part; specifically, the Court ordered that Defendants respond to Plaintiff's Post-Judgment Interrogatories in Aid of Judgment, numbered twenty-six through eighty-four, within fourteen (14) days, and the Court requested that Plaintiff file a comprehensive status report outlining any remaining deficiencies in Defendants' responses within seven (7) days (Dkt. #418).

In his first Status Report to the Court, Plaintiff contends Defendants "Fletcher, Wheeler, and Castloo have served incomplete and inadequate responses for the relevant time frame and have refused to provide discoverable information regarding spousal assets" (Dkt. #419 at p. 1). In his second Status Report to the Court, Plaintiff similarly asserts Defendant Dobbs's responses are "still deficient" (Dkt. #422 at p. 2). The Motion is now ripe for adjudication.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 69(a)(2), a "judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." FED. R. CIV. P. 69. "Rule 69 was intended to establish an effective and efficient means of securing the execution of judgments." *JP Morgan Chase Bank, N.A. v. DataTreasury Corp.*, 936 F.3d

251, 256 (5th Cir. 2019) (quoting *United States v. McWhirter*, 376 F.2d 102, 106 (5th Cir. 1967)). "The scope of postjudgment discovery is very broad to permit a judgment creditor to discover assets upon which execution may be made." *FDIC v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995). "To effectuate that purpose, the discovery rules are to be liberally construed." *DataTreasury Corp.*, 936 F.3d 251 at 256 (quoting *McWhirter*, 376 F.2d at 106). Nevertheless, it is well established that "control of discovery is committed to the sound discretion of the trial court . . . ." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)).

Federal Rule of Civil Procedure 34 governs requests for production of documents, electronically stored information, and tangible things. Rule 34 requires responses to "either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). "An objection [to the entire request] must state whether any responsive materials are being withheld on the basis of that objection." FED. R. CIV. P. 34(b)(2)(C). On the other hand, "[a]n objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(C).

Federal Rule of Civil Procedure 32 governs interrogatories. Rule 33 provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered...." FED. R. CIV. P. 33(b)(3).

## ANALYSIS

Plaintiff files his Motion urging the Court to compel Defendants to respond to his Post-Judgment Requests for Production and Interrogatories in Aid of Judgment (Dkt. #380 at p. 2). Plaintiff's arguments fall into two categories: (1) Defendants have served incomplete and inadequate responses for the relevant time frame; and (2) Defendants have refused to provide

discoverable information regarding spousal assets (Dkt. #380 at p. 1). The Court addresses each argument in turn.

First, Plaintiff argues that Defendants' general objections and other qualifying language, i.e., "without waiving objections," make it impossible to know what relevant information or documents Defendants continue to withhold (Dkt. #419 at p. 3). Rule 33 and 34 require that the grounds for objection to an interrogatory or request for production must be stated with specificity. FED. R. CIV. P. 33(b)(4); FED. R. CIV. P. 34(b)(2)(B). "In the face of [general] objections, it is impossible to know whether information has been withheld and, if so, why." *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014) (quoting *Weems v. Hodnett*, No. 10-cv-1452, 2011 WL 3100554, at *1 (W.D. La. July 25, 2011)).

Here, Plaintiff contends Defendants have failed to fully respond to his discovery requests (Dkt. #380 at p. 2). The Court finds that Plaintiff's discovery requests seek relevant, proportional, and discoverable information designed to aid him in satisfying the judgment in this case—$21.35 million, plus $1,342,144.00 in attorneys' fees and $14,879.06 in costs (Dkt. #375). Moreover, the requested time frame, January 2019 to present, is reasonable. Nonetheless, Defendants have failed to meaningfully respond to these discovery requests. Defendants find ways to object and simultaneously communicate they will be producing responsive documents, leaving Plaintiff without knowing what documents, if any, are being withheld (Dkt. #419 at p. 6). As such, the Court overrules Defendants' objections and hereby compels Defendants to meaningfully respond to the discovery requests for the timeframe requested, to the extent they have not already done so.

Second, Plaintiff seeks information relevant to "Defendants' expenses, recurring payments, real estate holdings, personal property, inheritance, gifts, sources of income, banking,

4

record keeping, income tax returns, life insurance, and other types of assets, as well as similar questions regarding the same of Defendants' close family members" (Dkt. #380 at p. 9). Defendants object to requests related to Defendants' spouses or former spouses arguing they "seek[] exempted asset information such as the separate property of Defendant's spouse" (Dkt. #404 at p. 2; Dkt. #404-2). In responding to these objections, Plaintiff relies on the Texas Family Code.

Under the Texas Family Code, "[a] spouse's separate property is not subject to liabilities of the other spouse unless both spouses are liable by other rules of law." Tex. Fam. Code § 3.003(a). And "[u]nless both spouses are personally liable . . . the community property subject to a spouse's sole management, control, and disposition is not subject to: (1) any liabilities that the other spouse incurred before marriage; or (2) any nontortious liabilities that the other spouse incurs during marriage." *Id.* § 3.202(b). But the "community property subject to a spouse's sole or joint management, control, and disposition is subject to the liabilities incurred by the spouse before or during marriage." *Id.* § 3.202(c).

Here, Plaintiff's Motion indicates that it seeks to discover information regarding Defendants' community property assets (Dkt. #380 at p. 9). Plaintiff argues "[p]roperty possessed by either spouse during or on dissolution of marriage is presumed to be community property." Tex. Fam. Code § 3.003(a). This suggests it is the burden of the party resisting discovery to identify and prove that certain property they possessed during or on dissolution of a marriage cannot be reached to satisfy their own debt. *See In re Holman*, No. 12-21-00145-CV, 2021 WL 5237945 (Tex. App.—Tyler Nov. 10, 2021, no pet.) ("It is the [judgment debtor's wife's] burden to identify and prove that certain property cannot not be reached to satisfy [the judgment debtor's] debt because it is her

separate property or it is under her sole management, control, and disposition.") (citing *Pearson v. Fillingham*, 332 S.W.3d 361, 364 (Tex. 2011)). There is no such evidence in Defendants' responses to the Motion. Moreover, Rule 69(a)(2) permits a judgment creditor to obtain discovery from "any person" in the aid of judgment or execution. FED. R. CIV. P. 69(a)(2); *British Intern. Ins. Co., Ltd. v. Seguros La Republica, S.A.*, 200 F.R.D. 586, 590 (W.D.Tex.2000) ("There is no doubt that third parties can be examined in relation to the financial affairs of the judgment debtor.") (citations omitted). Accordingly, the community property Defendants possess is subject to their debt, and Plaintiff is entitled to the discovery of that information to enforce the judgment.

* * *

For these reasons and under the broad scope of Rule 69(a), the Court finds that Plaintiff is entitled to his post-judgment discovery for the relevant timeframe—as it is necessary to enforce his judgment.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff Terry Bevill's Motion to Compel Post-Judgment Discovery in Aid of Judgment (the "Motion") (Dkt. #380) is hereby **GRANTED**.

It is further **ORDERED** that all Defendants must fully respond to Plaintiff's Post-Judgment Requests for Production and Interrogatories in Aid of Judgment within fourteen (14) days of this Order.

**IT IS SO ORDERED.**

**SIGNED this 30th day of December, 2025.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE